UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, | Case No. **MJG 18 CV 0459** |
| Plaintiff, | [Removal from the Circuit Court for Baltimore City, Maryland, Civil Action No. 24-C-17-006343] |
| v. | |
| EXXON MOBIL CORPORATION, *et al.*, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Atlantic Richfield Company ("Defendant"), by undersigned counsel and pursuant to 28 U.S.C. § 1441, *et seq.*, hereby files its Notice of Removal of the action captioned as *State of Maryland v. Exxon Mobil Corporation, et al.*, Civil Action No. 24-C-17-006343, from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and Section 1503 of the Energy Policy Act of 2005, 42 U.S.C. § 7545. All prerequisites for removal have been satisfied. Accordingly, Defendant hereby removes this case to this Court, and in support thereof state as follows:

### BACKGROUND

1. On December 13, 2017, Plaintiff filed this action in the Circuit Court for Baltimore City, Maryland, Case No. 24-C-17-006343. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 103.5, a copy of all process, pleadings, documents, and orders served upon Defendant in the state court action are attached hereto as **Exhibit 1**.

2. Defendant removes this action on the basis of Section 1503 of the Energy Policy Act of 2005, which provides that:

> Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court.

42 U.S.C. § 7545 note. This law was enacted by Congress on August 8, 2005. *See* Energy Policy Act of 2005, Pub. L. No. 109-58, § 1503, 119 Stat. 594, 1076. Removal is appropriate here pursuant to the Energy Policy Act because, as described in greater detail below, Plaintiff's claims relate to allegations involving actual or threatened methyl tertiary butyl ether ("MTBE") contamination.

3. In its Complaint, Plaintiff contends that Defendant's products, containing MTBE, have contaminated, or threaten to contaminate, groundwater, wells, and/or drinking water in the State of Maryland. Accordingly, this action is one that may be removed to this Court by Defendant pursuant to the provisions of the Energy Policy Act of 2005.

4. Plaintiff's Complaint makes specific allegations about actual and threatened contamination of surface water, groundwater, and public and private wells located in the State of Maryland by MTBE. Specifically, Plaintiff alleges, *inter alia*, that Defendant's "wrongful conduct in adding MTBE to their gasoline, and their marketing, distribution, handling, storage, and sale of MTBE gasoline in the State has created widespread contamination of the waters of the State, including many of the State's over 400,000 public and private drinking water wells." Exhibit 1, Compl. ¶ 3; *see also id.* ¶¶ 5, 116, 190, 216.

5. Because this is a case for which removal is expressly provided by an act of Congress, jurisdiction is proper without regard to other federal statutes so long as it is a case to which this Court's judicial powers extend under Article III, Section 2, of the Constitution of the United States. *See In re MTBE Prods. Liab. Litig.: City of Merced Redev. Agency v. ExxonMobil Corp.*, 674 F. Supp. 2d 494, 496-504 (S.D.N.Y. 2009) ("Section 1503, by its own terms, creates

federal jurisdiction over all MTBE-related cases."). This Court has Article III jurisdiction over this case because allegations of contamination relating to the use of MTBE in gasoline raise questions of federal law, namely the Clean Air Act ("CAA") and the Energy Policy Act, which together are part of a comprehensive federal scheme. Plaintiff's allegations attack the broad federal system that regulates the content of gasoline, a system that expressly authorized and effectively required the conduct that Plaintiff seeks to prohibit based on state common and statutory law.

6. Specifically, Plaintiff alleges that Defendant is liable for acts that complied with Environmental Protection Agency ("EPA") regulations and guidelines. Plaintiff seeks to hold Defendant liable for conduct directed by the EPA under the CAA: the addition of oxygenates such as MTBE to gasoline. Thus, Plaintiff's claims conflict with, and are preempted by, federal law. Plaintiff also contends that Defendant had a duty to disclose certain information concerning MTBE to federal agencies. Such a duty, if any, can only be created by federal statute and regulation and, therefore, Plaintiff's claims implicate a substantial federal question. Plaintiff's claims also are subject to other federal defenses. Specifically, Plaintiff's claims are barred because Defendant added MTBE to comply with federal laws, orders, duties and standards; the MTBE levels in some or all cases are within federal water quality standards; and Plaintiff's claims for punitive damages are barred by the Due Process and Excessive Fines clauses of the United States Constitution.

7. This Notice of Removal is filed in the District Court of the United States for the district in which this suit was filed and, therefore, complies with 28 U.S.C. § 1446(a). No defendant was served prior to January 16, 2018. Accordingly, this Notice of Removal is timely filed within the time frame provided by 28 U.S.C. § 1446(b).

8. Although not required, because this action is not removed solely on the basis of 28 U.S.C. § 1441(a), all defendants properly joined and served in this action have consented to this removal. *See* H.R. Rep. No. 112-10, at 13 (2011) ("Like current law, the new provision is limited to cases removed solely under section 1441(a); it has no application to other statutes under which removal is authorized."); *De Espina v. Jackson*, No. CV DKC 15-2059, 2015 WL 6122329, at *5 (D. Md. Oct. 15, 2015) ("[T]he Fourth Circuit does not require that each of the defendants sign the notice of removal . . . ." (quotation marks omitted)). The list of defendants consenting to removal is attached at **Exhibit 2**.

## JURISDICTION AND BASIS FOR REMOVAL

9. Defendant removes this case on the basis of the Energy Policy Act of 2005, which specifies that "Claims and legal actions filed after the date of enactment of this Act [Aug. 8, 2005] related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court." Energy Policy Act of 2005, § 1503, 119 Stat. at 1076. Because (i) this action was filed on December 13, 2017, (ii) no defendant was served earlier than January 16, 2018, (iii) the Complaint includes allegations involving actual or threatened MTBE contamination, and (iv) defendants have asserted and will assert federal defenses to the claims in this action, this action is properly removed under the Energy Policy Act.

10. In addition to the jurisdiction over claims against defendants, as set forth above, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

11. Venue is proper in this Court because this district encompasses the Circuit Court for Baltimore City, Maryland, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a).

## NOTICE

12. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant will concurrently file a copy of this Notice of Removal with the Clerk of the Circuit Court for Baltimore City, Maryland, where the action was originally filed. Defendant also has served Plaintiff with this Notice of Removal.

13. A copy of the Notice of Filing of Notice of Removal concurrently being filed in the Circuit Court for Baltimore City, Maryland is attached hereto as **Exhibit 3**.

## RESERVATION OF RIGHTS

14. In filing this Notice of Removal, Defendant and consenting defendants do not waive, and specifically reserve, all rights as to any and all challenges and objections to service, personal jurisdiction, defenses, exceptions, rights, and motions.

## CONCLUSION

WHEREFORE, Defendant hereby removes this action from the Circuit Court for Baltimore City, Maryland, to this Court.

Dated: February 14, 2018

Respectfully submitted,

*/s/ William W. Carrier*
John B. Isbister (Fed. Bar No. 00639)
William W. Carrier, III (Fed. Bar No. 08453)
Tydings and Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Telephone: (410) 752-9700
Fax: (410) 727-5460
jisbister@tydingslaw.com
wcarrier@tydingslaw.com

*Attorneys for Defendant Atlantic Richfield Co.*