FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 JUL 30 AM 11: 34
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND,
*Plaintiff*,

v.

EXXON MOBIL CORPORATION et al.,
*Defendants*.

Civil Action No. ELH-18-459

## MEMORANDUM

The State of Maryland ("State" or "Maryland") has sued approximately sixty-five defendants to redress the alleged contamination of the State's waters with methyl tertiary butyl ether ("MTBE"), an oxygenate additive that was commonly mixed into gasoline in the 1980s and 1990s. ECF 2. Defendant Atlantic Richfield Company removed this case to federal court. ECF 1. The State timely filed a Motion to Remand (ECF 283), which is pending. On the same date, pursuant to Federal Rule of Civil Procedure 5.1(a), the State filed a Notice of Constitutional Question (ECF 284), which was served on the Attorney General of the United States. ECF 284 at 2.[1]

The Court[2] granted the United States an extension of time until July 16, 2018, to consider intervening in the action. ECF 307.[3] On July 13, 2018, the United States filed a Motion to Intervene for the Limited Purpose of Supporting the Constitutionality of Section 1503 of the

---

[1] All citations correspond to the CM/ECF electronic pagination.

[2] This case was previously assigned to Judge Marvin J. Garbis, who granted the extension. Due to Judge Garbis's retirement, the case was reassigned to me on July 18, 2018. *See* Docket.

[3] Generally, the Attorney General has 60 days to intervene unless the court sets a later time. *See* Fed. R. Civ. P. 5.1(c) ("Unless the court sets a later time, the attorney general may

Energy Policy Act (ECF 320), supported by a memorandum (ECF 320-1) (collectively, "Motion to Intervene"). No opposition has been filed. *See* Docket.

28 U.S.C. § 2403(a) (2012) provides:

> In any action, suit or proceeding in a court of the United States to which the United States . . . is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

The State's Motion to Remand draws into question the constitutionality of Section 1503 of the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594. It provides:

> Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court.

The State argues that Section 1503 must be read to require a colorable federal defense or diversity of citizenship in order to be constitutional. *See* ECF 283-1 at 14-20; ECF 284 at 2. Under these circumstances, I am required to permit the United States to intervene in the action and present its arguments. *See* 28 U.S.C. § 2403(a) (the court "shall" permit the United States to intervene if "the constitutionality of any Act of Congress affecting the public interest is drawn into question").

The Federal Rules of Civil Procedure and 28 U.S.C. § 2403 also require the Court to "certify to the appropriate attorney general that [the constitutionality of] a statute has been questioned." Fed. R. Civ. P. 5.1(b); *see also* 28 U.S.C. § 2403(a). Typically, the district court provides this certification to the Attorney General before granting the government's motion to

---

intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier.").

intervene. *See Hoffman v. Hunt*, 126 F.3d 575, 579 n.4 (4th Cir. 1997) (noting that the district court provided notice to the Attorney General and "thereafter" granted the motion to intervene).

Although the United States has already moved to intervene, I shall provide the certification. *See Brown v. Santander Consumer USA, Inc.*, No. CIV. WDQ-14-3874, 2015 WL 4879288, at *2 n.9 (D. Md. Aug. 13, 2015) ("Section 2403 is silent about when the Court must notify the U.S. Attorney General[.]").

An Order follows.

Date: July 30, 2018

/s/
Ellen Lipton Hollander
United States District Judge