# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

STATE OF MARYLAND,

    Plaintiff,

        v.

EXXON MOBIL CORPORATION, *et al.*,

    Defendants.

Case No. 1:18-cv-00459-SAG

## THE CHEVRON DEFENDANTS' ANSWER AND <u>AFFIRMATIVE DEFENSES</u>

Defendants Chevron Corporation, Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC (collectively the "Chevron Defendants"), by and through its undersigned attorneys, answer this Complaint as follows:

## INTRODUCTION

1.    Chevron U.S.A. Inc. admits that, during certain years, it added MTBE into gasoline and that, during certain years, marketed, handled, stored, and/or sold gasoline containing MTBE in the state of Maryland.  The Chevron Defendants deny that they manufactured or refined MTBE in the state of Maryland.  The Chevron Defendants are without knowledge or information regarding the State of Maryland's motivations in filing the above-captioned lawsuit, and therefore deny the same.  The Chevron Defendants deny the remaining allegations in Paragraph 1.

2.    The Chevron Defendants deny the allegations in Paragraph 2.

3.    Chevron U.S.A. Inc. admits that, during certain years, it added MTBE into gasoline and that, during certain years, it marketed, distributed, handled, stored, or sold gasoline containing

MTBE in the state of Maryland. The Chevron Defendants deny the allegation that their conduct was wrongful.  The Chevron Defendants deny the remaining allegations in Paragraph 3.

4.      The Chevron Defendants deny the allegations in Paragraph 4.

5.      The Chevron Defendants deny the allegations in Paragraph 5.

6.      The allegations of this Paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny the same.

7.      The Chevron Defendants admit that, during certain years, they marketed, distributed, handled, stored, or sold gasoline containing MTBE in the state of Maryland, but otherwise denied.

8.      The allegations in Paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is required, The Chevron Defendants deny the allegations in Paragraph 8.

9.      The Chevron Defendants deny that the State of Maryland is entitled to recover the damages and relief sought in the Complaint.  To the extent further response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny the same.

**JURISDICTION AND VENUE**

10.      Admitted.

11.      Admitted with respect to Chevron U.S.A., Texaco Inc., and TRMI-H LLC. Denied with respect to Chevron Corporation.

12.      Admitted.

## MARYLAND AS PLAINTIFF

13.     The allegations in Paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny the same.

14.     The allegations in Paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny the same.

15.     Paragraph 15 defines a term as it is used in the Complaint, and as such, no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same.

16.     The allegations in Paragraph 16 constitute legal conclusions to which no response is required.  To the extent a response is required, Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny the same.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the same.

18.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants admit that the State purports to bring this action in the capacities listed in Paragraph 17, but are without knowledge or information to enable them to form a belief as to the propriety of such capacities in Paragraph, and therefore deny the allegations in Paragraph 19.

20.     Defendants admit that the State has significant direct property interests in the waters of the State.  The remaining allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny the same.

21.     The allegations in Paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same.

22.     The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny the same.

23.     The allegations in Paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny the same.

24.     The Chevron Defendants deny their acts or omissions have caused or will cause the

damages alleged.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore deny the same

25.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny the same.

## DEFENDANTS

26.      Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that, during certain years, they manufactured, marketed, and distributed gasoline containing MTBE. Chevron Corporation denies that it manufactured, marketed, and distributed gasoline containing MTBE. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore deny the same.

27.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny the same.

28.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny the same.

29.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 29, and therefore deny the same.

30.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny the same.

31.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny the same.

32.      The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny the same.

33.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny the same.

34.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny the same.

35.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny the same.

36.     Chevron Corporation admits the first and second sentences.  The third sentence defines a term, and therefore no response is required.  Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny the same

37.     Chevron U.S.A. Inc. admits Paragraph 37.  Chevron Corporation, Texaco Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny the same

38.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny the same.

39.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny the same.

40.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny the same.

41.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny the same.

42.     The Chevron Defendants admit that Chevron U.S.A. Inc. sold substantially all of its retail outlets and other marketing assets in the Northeast region of the United States to

Cumberland Farms, Inc.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore deny the same.

43.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny the same.

44.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny the same.

45.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny the same.

46.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 46, and therefore deny the same.

47.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny the same.

48.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny the same.

49.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny the same.

50.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny the same.

51.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny the same.

52.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny the same.

53. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny the same.

54. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny the same.

55. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny the same.

56. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 56, and therefore deny the same.

57. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny the same.

58. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny the same.

59. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny the same.

60. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny the same.

61. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny the same.

62. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny the same.

63. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 63, and therefore deny the same.

64. The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 64, and therefore deny the same.

65.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny the same.

66.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 66, and therefore deny the same.

67.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 67, and therefore deny the same.

68.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 68, and therefore deny the same.

69.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny the same.

70.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny the same.

71.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 71, and therefore deny the same.

72.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 72, and therefore deny the same.

73.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 73, and therefore deny the same.

74.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 74, and therefore deny the same.

75.     The Chevron Defendants deny that Texaco Inc. is a related entity to Shell Oil Company or Shell Trading (US) Company.  The Chevron Defendants are without knowledge or

information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 75, and therefore deny the same.

76.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 76, and therefore deny the same.

77.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 77, and therefore deny the same.

78.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 78, and therefore deny the same.

79.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny the same.

80.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny the same.

81.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 81, and therefore deny the same.

82.     Texaco Inc. admits the first and second sentences.  The fourth sentence defines a term, and therefore no response is required.  To the extent a response is required, Texaco Inc. denies the third sentence.  Chevron Corporation, Chevron U.S.A. Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny the same.

83.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny the same.

84.     TRMI-H LLC admits Paragraph 84.  Chevron Corporation, Chevron U.S.A. Inc., and Texaco Inc. are without knowledge or information to enable them to form a belief as to the

truth of the allegations in Paragraph 84, and therefore deny the same.

85.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny the same.

86.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny the same.

87.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny the same.

88.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny the same.

89.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny the same.

90.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 90, and therefore deny the same.

91.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 91, and therefore deny the same.

92.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny the same.

93.     Paragraph 93 defines a term in the Complaint, and therefore no response is required. To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 93.

94.     To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 94.

95.     The Chevron Defendants deny the allegations in Paragraph 95.

96.     The Chevron Defendants deny the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

## MTBE GENERALLY

98.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegation that the defendants in this lawsuit represent substantially all of the market in the state of Maryland for MTBE gasoline, and therefore deny the same.  Chevron U.S.A. Inc. admits that, during certain years, it distributed, sold, stored, or controlled gasoline containing MTBE in the state of Maryland, but otherwise denied.

99.     The Chevron Defendants admit that MTBE gasoline is a fungible product prior to proprietary additives being blended into the gasoline, but otherwise denied.

100.     Chevron U.S.A. Inc. admits that, during certain years, it distributed and sold gasoline containing MTBE in the state of Maryland, but otherwise denied.

101.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny the same.

102.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny the same.

## MTBE AS A GASOLINE ADDITIVE

103.     The Chevron Defendants admit that MTBE is a chemical compound produced by combining methanol and isobutylene, but otherwise denied.  The Chevron Defendants specifically deny that "MTBE" refers not only to methyl tertiary butyl ether, but also to the degradation byproducts of, and contaminants in, commercial-grade MTBE, including tertiary butyl alcohol ("TBA").

104.     The Chevron Defendants admit TBA may be a product of MTBE biodegradation.

The Chevron Defendants are without knowledge or information to enable them to form a belief as to whether TBA may be used as a raw material in the production of isobutylene. The remaining allegations in Paragraph 104, as stated, constitute a hypothetical to which no response is required. To the extent a response is required, the Chevron Defendants deny the remaining allegations in Paragraph 104.

105.    The Chevron Defendants admit that crude oil can be converted into petroleum products, including gasoline, and Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that they have, from time to time, owned and operated petroleum refineries. Chevron Corporation denies that it owned and operated petroleum refineries. The Chevron Defendants admit that MTBE was blended into some gasolines by some refiners at certain periods beginning in 1979. The Chevron Defendants deny that MTBE is still being blended into gasoline. The allegation that MTBE may have been manufactured by a separate defendant and purchased by a refinery defendant or may have been manufactured by a defendant at the refinery itself, as stated, constitutes a hypothetical to which no response is required. To the extent a response is required, the Chevron Defendants deny the allegation. The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 105, and therefore deny the same.

### THE ROUTINE SALE OF COMMINGLED GASOLINE IN MARYLAND[1]

106.    The allegations in Paragraph 106, as stated, constitute a hypothetical to which no response is required. To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 106.

---

[1]    To the extent any headings in the Complaint contain substantive allegations, the Chevron Defendants deny all such allegations.

## MTBE IS A PERSISTENT ENVIRONMENTAL CONTAMINANT

107.    Chevron U.S.A. Inc. admits that, during certain years, it added MTBE into gasoline, as an oxygenate and octane enhancer.  Texaco Inc. and TRMI-H LLC admits that that, during certain years, they added MTBE into gasoline for octane purposes.  The Chevron Defendants deny the remaining allegations in Paragraph 107.

108.    The Chevron Defendants admit that MTBE is not a natural occurring element, but otherwise denied.

109.    Admitted.

110.    The Chevron Defendants admit that MTBE has unique properties, but otherwise denied.

111.    The Chevron Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112, as stated, constitute a hypothetical to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 112.

113.    The Chevron Defendants deny the allegations in Paragraph 113.

114.    The Chevron Defendants deny the allegations in Paragraph 114.

115.    The Chevron Defendants deny the allegations in Paragraph 115.

116.    The Chevron Defendants deny the allegations in Paragraph 116.

### DEFENDANTS' PRODUCTION AND USE OF MTBE AS A CHEAP AND PROFITABLE GASOLINE ADDITIVE

117.    The Chevron Defendants admit that the United States Environmental Protection Agency registered MTBE as a fuel additive that did not cause or contribute to the failure of any emission control device or system.  Chevron U.S.A. Inc. and TRMI-H LLC admit that, from time to time, they purchased MTBE from ARCO for use in some, but not all, gasoline.  The Chevron

Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 117, and therefore deny the same.

118.    The Chevron Defendants are without sufficient information or knowledge to enable them to form a belief as the truth of the allegations in Paragraph 118, and therefore deny the same.

119.    Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that, during certain years, they manufactured, distributed, and/or sold gasoline containing MTBE.    Chevron Corporation denies that it manufactured, distributed, or sold gasoline with MTBE.    The Chevron Defendants are without sufficient information or knowledge to enable them to form a belief as the truth of the remaining allegations in Paragraph 119, and therefore deny the same.

120.    The Chevron Defendants are without sufficient information or knowledge to enable them to form a belief as the truth of the allegations in Paragraph 120, and therefore deny the same.

121.    The Chevron Defendants admit that, prior to 1990, the EPA began considering options to reduce air pollution and that Congress ultimately adopted the Reformulated Gasoline Program as part of the 1990 Clean Air Act Amendments.    The Chevron Defendants admit that the EPA stated, "The concept of reformulated gasoline (RFG) was originally generated, developed and promoted by industry, not the EPA or other parts of the federal government."    The Chevron Defendants deny the remaining allegations in Paragraph 121.

122. The Chevron Defendants admit Congress established the RFG Program in Section 21 l(k) of the CAA, 42 U.S.C.A. § 7545(k), and that the RFG program mandated the use of reformulated gasoline containing at least 2% oxygen by weight in certain areas of the country.    The Chevron Defendants are without sufficient information or knowledge to enable them to form a belief as the truth of the remaining allegations in Paragraph 122, and therefore deny the same.

123.    Admitted.

124.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 124, and therefore deny the same.

125.     Chevron U.S.A. Inc. admits that it started shipping MTBE gasoline for sale in certain metropolitan areas in 1992 as part of the Oxyfuel Program, but otherwise denied.  Chevron Corporation, Texaco Inc., and TRMI-H LLC deny the allegations in Paragraph 125 as they pertain to them.

126.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 126, and therefore deny the same.

127.     The Chevron Defendants admit that the CAA Amendments required the use of an oxygenate in certain gasoline and that the CAA Amendments do not purport to require the oxygenate to be MTBE, but state that the only viable oxygenate option in Maryland was MTBE. The Chevron Defendants deny the remaining allegations in Paragraph 127.

128.     The Chevron Defendants deny the allegations in Paragraph 128.

129.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 129, and therefore deny the same.

130.     The Chevron Defendants admit that the USGS periodically tests certain groundwater resources.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 130, and therefore deny the same.

### DEFENDANTS KNEW THAT MTBE WAS GOING TO CONTAMINATE GROUNDWATER AND WAS MORE DIFFICULT TO REMEDIATE THAN BTEX

131.     The Chevron Defendants deny the allegations in Paragraph 131.

132.     The Chevron Defendants deny the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 133.

134.    The Chevron Defendants deny the allegations in Paragraph 134.

135.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 135, and therefore deny the same.

136.    The Chevron Defendants admit that the API's members are members of the petroleum industry and that the API formed a Toxicology Committee in or around 1980.  Chevron U.S.A. Inc. admits that, at certain points in time, its employees participated in the API Toxicology Committee.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 136, and therefore deny the same.

137.    The Chevron Defendants deny the allegations in Paragraph 137.

138.    Chevron U.S.A. Inc. admits that it helped fund a study regarding the carcinogenicity of MTBE that was undertaken by the Hamner Institute, but denies the remaining allegations.  Chevron Corporation, Texaco Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 138, and therefore deny the same.

139.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 139, and therefore deny the same.

140.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 140, and therefore deny the same.

141.    The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 141, and therefore deny the same.

142.    Texaco Inc. admits that it was a member of the Ad Hoc Committee.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 142, and therefore deny the same.

143.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 143, and therefore deny the same.

144.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 144, and therefore deny the same.

145.    Chevron U.S.A. Inc. admits that a May 23, 1986 memorandum authored by one of its employees discusses MTBE solubility, groundwater removal techniques, and behavior in groundwater.  The document speaks for itself.  Chevron U.S.A. Inc. denies the remaining allegations in this Paragraph.  Chevron Corporation, Texaco Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny the same.

146.    Chevron U.S.A. Inc. admits that a June 11, 1986 memorandum authored by one of its employees discusses MTBE properties, including its solubility, taste and odor thresholds, and removal technologies and associated costs.  The memorandum speaks for itself.  Chevron U.S.A. Inc. denies the remaining allegations in this Paragraph.  Chevron Corporation, Texaco Inc., and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny the same.

147.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 147, and therefore deny the same.

148.    The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 148, and therefore deny the same.

149.    Chevron U.S.A. Inc. admits the existence of the 1987 Chevron memorandum referenced in Paragraph 149.  The memorandum speaks for itself.  The Chevron Defendants deny the remaining allegations in Paragraph 149.

150.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 150, and therefore deny the same.

151.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 151, and therefore deny the same.

152.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 152, and therefore deny the same.

153.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 153, and therefore deny the same.

154.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 154, and therefore deny the same.

155.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 155, and therefore deny the same.

156.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 156, and therefore deny the same.

157.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 157, and therefore deny the same.

158.    The Chevron Defendants deny the allegations in Paragraph 158.

159.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 159, and therefore deny the same.

160.    The allegations in Paragraph 160 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 160. The Chevron Defendants deny the remaining allegations in Paragraph 160.

### DEFENDANTS PUBLICLY DEFENDED AND PROMOTED MTBE DESPITE THEIR KNOWLEDGE OF THE ENVIRONMENTAL RISKS POSED BY MTBE RELEASES

161.    The allegations in Paragraph 161 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 161.  The Chevron Defendants deny the remaining allegations in Paragraph 161.

162.    The allegations in Paragraph 160 constitute a legal conclusion to which no response is required.  To the extent a response is required, The Chevron Defendants deny the allegations in Paragraph 162.  The Chevron Defendants deny the remaining allegations in Paragraph 162.

163.    The Chevron Defendants admit that Peter Garrett and Marcel Moreau of the Maine Department of Environmental Protection authored a paper entitled "Methyl Tertiary Butyl Ether as a Ground Water Contaminant" in 1986.  The Chevron Defendants deny the conclusions of the paper.  The Chevron Defendants deny any remaining allegations in Paragraph 163.

164.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 164, and therefore deny the same.

165.    The Chevron Defendants deny the allegations in Paragraph 165.

166.    The quoted document speaks for itself.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 166, and therefore deny the same.

167.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 167, and therefore deny the same.

168.    The ITC document speaks for itself, and no response is required to many of the statements made in Paragraph 168.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 168.  The Chevron Defendants deny the remaining allegations in Paragraph 168.

169.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 169, and therefore deny the same.

170.    The Chevron Defendants deny the allegations in Paragraph 170.

171.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 171, and therefore deny the same.

172.    The Chevron Defendants admit the existence of the "MTBE Committee," but deny any Chevron Defendant was a member.  The quoted document speaks for itself.  The Chevron Defendants deny the remaining allegations in Paragraph 172.

173.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 173, and therefore deny the same.

174.    The Chevron Defendants deny the allegations in Paragraph 174.

175.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 175, and therefore deny the same.

176.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 176, and therefore deny the same.

177.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 177, and therefore deny the same.

178.    The Chevron Defendants deny the allegations in Paragraph 178.

179.    The Chevron Defendants admit that, in April 1987, George Dominguez gave a

presentation at an oil industry event, the "Conference on Alcohols and Octane." The Chevron Defendants deny the remaining allegations in Paragraph 179.

180.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 180, and therefore deny the same.

181.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 181, and therefore deny the same.

182.    The Chevron Defendants deny the allegations in Paragraph 182.

183.    The quoted document speaks for itself. The Chevron Defendants deny the remaining allegations in Paragraph 183.

184.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegation regarding the creation of the Maryland MTBE task force in Paragraph 184, and therefore deny the same. The Chevron Defendants deny the remaining allegations in Paragraph 184.

185.     The quoted document speaks for itself. The Chevron Defendants deny the remaining allegations in Paragraph 185.

186.    The allegations in Paragraph 186 constitute a legal conclusion to which no response is required. To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 186.

187.    The report speaks for itself, and no response is required to the statements made in Paragraph 187. To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188.    The report speaks for itself, and no response is required to the statements made in Paragraph 188. To the extent a response is required, Defendants deny the allegations in Paragraph

188.

189.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegation regarding the purported Getty Marketing Inc. advertisement, and therefore deny the same.   The Chevron Defendants deny the remaining allegations in Paragraph 189.

## DEFENDANTS BREACHED THEIR DUTIES TO PLAINTIFF AND THE GENERAL PUBLIC

190.     The allegations in Paragraph 190 constitute a legal conclusion to which no response is required.   To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 190.

191.     The allegations in Paragraph 191 constitute a legal conclusion to which no response is required.   To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 191.

192.     Chevron U.S.A. Inc., Texaco, Inc. admit they manufactured gasoline with MTBE at certain points of time and in certain locations.   The remaining allegations in Paragraph 192 constitute legal conclusions to which no response is required.   To the extent a response is required, the Chevron Defendants deny the remaining allegations in Paragraph 192.

193.     The allegations in Paragraph 193 constitutes a legal conclusion to which no response is required.   To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 193.

194.     The allegations in Paragraph 194 constitutes a legal conclusion to which no response is required.   To the extent a response is required, The Chevron Defendants deny the allegations in Paragraph 194.

195.     The allegations in Paragraph 195 constitutes a legal conclusion to which no

response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 constitutes a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 196.

197.    The allegations in Paragraph 197 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants deny these and any remaining allegations in Paragraph 197.

## DEFENDANTS KNEW THAT MTBE RELEASES WOULD OCCUR IN MARYLAND

198.    The Chevron Defendants deny the allegations in Paragraph 198.

199.    The Chevron Defendants deny the allegations in Paragraph 199.

200.    Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that they owned, operated, and/or branded gasoline stations with USTs in Maryland.  The Chevron Defendants deny the remaining allegations in Paragraph 200.

201.    The Chevron Defendants deny the allegations in Paragraph 201.

202.    Certain allegations in Paragraph 202, as stated, constitute a hypothetical to which no response is required.  To the extent a response is required, the Chevron Defendants deny these allegations in Paragraph 202.   The Chevron Defendants deny the remaining allegations in Paragraph 202.

203.    Certain allegations in Paragraph 203 constitute legal conclusions to which no response is required.  Other allegations in Paragraph 203, as stated, constitute a hypothetical to which no response is required.  To the extent a response is required, the Chevron Defendants deny those allegations in Paragraph 203.   The Chevron Defendants are without knowledge or

information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 203, and therefore deny the same.

204.     The Chevron Defendants deny the allegations in Paragraph 204.

205.     The Chevron Defendants deny the allegations in Paragraph 205.

206.     The Chevron Defendants deny the allegations in Paragraph 206.

207.     The Chevron Defendants deny the allegations in Paragraph 207.

208.     The Chevron Defendants deny the allegations in Paragraph 208.

209.     The Chevron Defendants deny the allegations in Paragraph 209.

210.     The Chevron Defendants deny the allegations in Paragraph 210.

211.     The allegations in Paragraph 211 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 211.  The Chevron Defendants deny any remaining allegations in Paragraph 211.

212.     The allegations in Paragraph 212 constitute legal conclusions to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 212.  The Chevron Defendants deny any remaining allegations in Paragraph 212.

## THE IMPACT OF MTBE AND MTBE GASOLINE ON
## THE WATERS OF THE STATE

213.     The Chevron Defendants deny the allegations in Paragraph 213.

214.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 214, and therefore deny the same.

215.     The Chevron Defendants deny the allegations in Paragraph 215.

216.     The Chevron Defendants deny the allegations in Paragraph 216.

217.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 217, and therefore deny the same.

218.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 218, and therefore deny the same.

219.    The allegations in Paragraph 219 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 219.

220.    The Chevron Defendants deny the allegations in Paragraph 220.

221.    The allegations in Paragraph 221 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 221, and therefore deny the same.

222.    The allegations in Paragraph 222 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 223.

224.    The allegations in Paragraph 224 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 224.

## DEFENDANTS' DECEPTIVE PROMOTION OF MTBE GASOLINE AS CLEANER OR ENVIRONMENTALLY FRIENDLY GASOLINE

225.    The Chevron Defendants admit that from 1987 through 1995 certain governmental authorities promulgated and enacted laws addressing automotive emissions.   The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth

regarding whether such laws were prepared in response to the 1990 CAA amendments. The Chevron Defendants deny the remaining allegations in Paragraph 225.

226.    The Chevron Defendants deny the allegations in Paragraph 226.

227.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 227, and therefore deny the same.

228.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 228, and therefore deny the same.

229.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 229, and therefore deny the same.

230.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 230, and therefore deny the same.

231.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 231, and therefore deny the same.

232.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 232, and therefore deny the same.

**THE DEFENDANTS' FAILURE TO DISCLOSE MTBE GASOLINE'S ENVIRONMENTAL SAFETY HAZARDS IN THEIR MATERIAL SAFETY DATA SHEETS**

233.    Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that they supplied MSDSs to their customers. The Chevron Defendants deny the remaining allegations in Paragraph 233.

234.     Chevron U.S.A. Inc., Texaco Inc., and TRMI-H LLC admit that they supplied MSDSs to their customers. The Chevron Defendants deny the remaining allegations in Paragraph 234.

235.    The Chevron Defendants deny the allegations in Paragraph 235.

236.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of certain allegations in Paragraph 236, and therefore deny the same. The Chevron Defendants deny the remaining allegations in Paragraph 236.

237.    The allegations in Paragraph 237, as stated, constitute a hypothetical to which no response is required.   To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 237.

238.    The Chevron Defendants deny the allegations in Paragraph 238.

239.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 239, and therefore deny the same.

240.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 240, and therefore deny the same.

241.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 241, and therefore deny the same.

242.    The Chevron Defendants deny the allegations in Paragraph 242.

243.    The Chevron Defendants deny the allegations in Paragraph 243.

244.    The Chevron Defendants deny the allegations in Paragraph 244.

245.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 245, and therefore deny the same.

246.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 246, and therefore deny the same.

247.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 247, and therefore deny the same.

248.    The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 248, and therefore deny the same.

249.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of certain allegations in Paragraph 249, and therefore deny the same. The Chevron Defendants deny the remaining allegations in Paragraph 249.

250.     The Chevron Defendants deny the allegations in Paragraph 250.

251.     The Chevron Defendants deny the allegations in Paragraph 251.

252.     The Chevron Defendants deny the allegations in Paragraph 252.

253.     The Chevron Defendants deny the allegations in Paragraph 253.

## MTBE POSES A SUBSTANTIAL HEALTH RISK TO THE CITIZENS OF MARYLAND

254.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 254, and therefore deny the same.

255.     The Chevron Defendants admit that Maryland has a 20 ppb action level for MTBE. Certain allegations in Paragraph 255, as stated, constitute a hypothetical to which no response is required.  To the extent a response is required, the Chevron Defendants deny these allegations in Paragraph 255.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the remaining allegations in Paragraph 255, and therefore deny the same.

## THE LUKOIL DEFENDANTS ARE DIRECTLY AND VICARIOUSLY LIABLE FOR GPMI'S ENVIRONMENTAL LIABILITIES

256.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 256, and therefore deny the same.

257.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 257, and therefore deny the same.

258.     The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 258, and therefore deny the same.

259.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 259, and therefore deny the same.

260.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 260, and therefore deny the same.

261.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 261, and therefore deny the same.

262.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 262, and therefore deny the same.

263.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 263, and therefore deny the same.

264.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 264, and therefore deny the same.

265.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 265, and therefore deny the same.

266.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 266, and therefore deny the same.

267.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 267, and therefore deny the same.

268.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 268, and therefore deny the same.

269.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 269, and therefore deny the same.

270.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 270, and therefore deny the same.

271.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 271, and therefore deny the same.

272.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 272, and therefore deny the same.

273.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 273, and therefore deny the same.

274.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 274, and therefore deny the same.

275.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 275, and therefore deny the same.

276.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 276, and therefore deny the same.

277.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 277, and therefore deny the same.

278.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 278, and therefore deny the same.

279.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 279, and therefore deny the same.

280.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 280, and therefore deny the same.

281.     The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 281, and therefore deny the same.

282.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 282, and therefore deny the same.

283.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 283, and therefore deny the same.

284.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 284, and therefore deny the same.

285.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 285, and therefore deny the same.

286.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 286, and therefore deny the same.

287.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 287, and therefore deny the same.

288.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 288, and therefore deny the same.

289.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 289, and therefore deny the same.

290.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 290, and therefore deny the same.

291.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 291, and therefore deny the same.

292.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 292, and therefore deny the same.

293.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 293, and therefore deny the same.

294.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 294, and therefore deny the same.

295.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 295, and therefore deny the same.

296.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 296, and therefore deny the same.

297.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 297, and therefore deny the same.

298.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 298, and therefore deny the same.

299.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 299, and therefore deny the same.

300.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 300, and therefore deny the same.

301.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 301, and therefore deny the same.

302.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 302, and therefore deny the same.

303.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 303, and therefore deny the same.

304.    The Chevron Defendants are without knowledge or information to enable them to

form a belief as to the truth of the allegations in Paragraph 304, and therefore deny the same.

305.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 305, and therefore deny the same.

306.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 306, and therefore deny the same.

307.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 307, and therefore deny the same.

## COUNT I
## STRICT PRODUCT LIABILITY BASED ON DEFECTIVE DESIGN

308.    The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 308.

309.    Chevron U.S.A. Inc. admits that, during certain years, it sold, marketed, and/or supplied MTBE gasoline that was delivered into Maryland.  Texaco Inc. and TRMI-H LLC are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 307 related to their sale of MTBE gasoline in Maryland, and therefore deny the same. The Chevron Defendants deny the remaining allegations in Paragraph 309.

310.    Certain allegations in Paragraph 310 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny those allegations in Paragraph 310.   The Chevron Defendants deny the remaining allegations in Paragraph 310.

311.    The allegations in Paragraph 311 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 311.

312.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 312, and therefore deny same.

313.     The allegations in Paragraph 313 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 313.  The Chevron Defendants deny any remaining allegations in Paragraph 313.

314.     The allegations in Paragraph 314 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 314.  The Chevron Defendants deny any remaining allegations in Paragraph 314.

315.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 315 concerning Maryland citizen's appreciation of MTBE risks, and therefore deny the same.  The Chevron Defendants deny the remaining allegations in Paragraph 315.

316.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 316, and therefore deny the same.

317.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 317, and therefore deny the same.

318.     Certain allegations in Paragraph 318 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny those allegations in Paragraph 318.  The Chevron Defendants deny the remaining allegations in Paragraph 318.

319.     The allegations in Paragraph 319 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 319.

320.     Certain allegations in Paragraph 318 constitute a legal conclusion to which no response is required.  The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of other allegations in Paragraph 320, and therefore deny the same.  The Chevron Defendants deny any remaining allegations in Paragraph 320.

321.     The allegations in Paragraph 321 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 321.

**COUNT II**
**STRICT PRODUCT LIABILITY BASED ON FAILURE TO WARN**

322.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 322.

323.     The Chevron Defendants deny the allegations in Paragraph 323.

324.     The allegations in Paragraph 324 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 324.

325.     The allegations in Paragraph 325 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 325.

326.     The allegations in Paragraph 326 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 326.

327.     The allegations in Paragraph 327 constitute a legal conclusion to which no response is required. To the extent a response is required, the Chevron Defendants deny the allegations in

Paragraph 327.

328.     The allegations in Paragraph 328 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 328.

329.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of certain allegations in Paragraph 329, and therefore deny the same. The remaining allegations in Paragraph 329, as stated, constitute a hypothetical to which no response is required.  To the extent a response is required, the Chevron Defendants deny the remaining allegations in Paragraph 329.

330.     The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of the allegations in Paragraph 330 concerning Maryland citizen's knowledge and appreciation of MTBE gasoline, and therefore deny the same.  The Chevron Defendants deny the remaining allegations in Paragraph 329.

331.     The allegations in Paragraph 331 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 331.

## COUNT III
## STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY

332.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 332.

333.     The allegations in Paragraph 333 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 333.

334.    The allegations in Paragraph 334 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 334.

335.    The allegations in Paragraph 335 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 335.

336.    The allegations in Paragraph 336 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 337.

**COUNT IV**
**PUBLIC NUISANCE**

338.    The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 338.

339.    The allegations in Paragraph 339 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 339.

340.    The allegations in Paragraph 340 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 340.

341.    The allegations in Paragraph 341 constitute a legal conclusion to which no response

is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 341.

342.    The allegations in Paragraph 342 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 342.

343.    The allegations in Paragraph 343 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 343.

344.    The allegations in Paragraph 344 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 344.

345.    The allegations in Paragraph 345 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 345.

346.    The Chevron Defendants deny the allegations in Paragraph 346.

347.    The allegations in Paragraph 347 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 347.

348.    The allegations in Paragraph 348 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 348.

## COUNT V
## TRESPASS

349.    The Chevron Defendants incorporate their answers to the preceding paragraphs.  To

the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 349.

350.   The allegations in Paragraph 350 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 350.

351.   The allegations in Paragraph 351 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 351.

352.   The allegations in Paragraph 352 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 352.

353.   The allegations in Paragraph 353 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 353.

354.   The allegations in Paragraph 354 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 354.

355.   The Chevron Defendants deny the allegations in Paragraph 355.

356.   The Chevron Defendants deny the allegations in Paragraph 356.

357.   The allegations in Paragraph 357 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 357.

## COUNT VI
## NEGLIGENCE

358.    The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 358.

359.    The allegations in Paragraph 359 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 359.

360.    The allegations in Paragraph 360 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 360.

361.    The allegations in Paragraph 361 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 361.

362.    The Chevron Defendants deny the allegations in Paragraph 362.

363.    The Chevron Defendants deny the allegations in Paragraph 363.

364.    The Chevron Defendants deny the allegations in Paragraph 364.

365.    The Chevron Defendants deny the allegations in Paragraph 365.

366.    The Chevron Defendants deny the allegations in Paragraph 366.

367.    The allegations in Paragraph 367 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 367.

368.    The allegations in Paragraph 368 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in

Paragraph 368.

369.     The allegations in Paragraph 369 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 369.

## COUNT VII
## ENVIRONMENT ARTICLE, TITLE 4, SUBTITLE 4 CLAIM

370.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 370.

371.     The allegations in Paragraph 371 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 371.

372.     The allegations in Paragraph 372 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 372.

373.     The allegations in Paragraph 373 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 373.

374.     The allegations in Paragraph 374 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 374.

375.     The allegations in Paragraph 375 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 375.

376.    The allegations in Paragraph 376 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 376.

377.    The allegations in Paragraph 377 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 377.

378.    The allegations in Paragraph 378 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 378.

379.    The allegations in Paragraph 379 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 379.

380.    The allegations in Paragraph 380 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 380.

381.    The allegations in Paragraph 381 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 381.

382.    The Chevron Defendants deny the allegations in Paragraph 382.

383.    The allegations in Paragraph 383 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 383.

384.    The Chevron Defendants deny the allegations in Paragraph 384.

385.     The Chevron Defendants deny the allegations in Paragraph 385.

386.     The Chevron Defendants deny the allegations in Paragraph 386.

387.     The allegations in Paragraph 387 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 387.

388.     The allegations in Paragraph 388 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 388.

389.     The allegations in Paragraph 389 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 389.

390.     The allegations in Paragraph 390 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 390.

**COUNT VIII**
**ENVIRONMENT ARTICLE, TITLE 4, SUBTITLE 7 CLAIM**

391.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 391.

392.     The allegations in Paragraph 392 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 392.

393.     The allegations in Paragraph 393 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in

44

Paragraph 393.

394.    The allegations in Paragraph 394 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 394.

395.    The allegations in Paragraph 395 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 395.

396.    The allegations in Paragraph 396 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 396.

397.    The allegations in Paragraph 397 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 397.

398.    The allegations in Paragraph 398 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 398.

399.    The Chevron Defendants are without knowledge or information to enable them to form a belief as to the truth of certain allegations in Paragraph 399, and therefore deny the same.

## COUNT IX
## ENVIRONMENT ARTICLE, TITLE 9, SUBTITLE 3 CLAIM

400.    The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 400.

401.    The allegations in Paragraph 401 constitute a legal conclusion to which no response

is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 401.

402.     The allegations in Paragraph 402 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 402.

403.     The allegations in Paragraph 403 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 403.

404.     The allegations in Paragraph 404 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 404.

405.     The allegations in Paragraph 405 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 405.

406.     The allegations in Paragraph 406 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 406.

407.     The allegations in Paragraph 407 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 407.

## COUNT X
## ENVIRONMENT ARTICLE, TITLE 9, SUBTITLE 4 CLAIM

408.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph

408.

409.     The allegations in Paragraph 409 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 409.

410.     The allegations in Paragraph 410 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 410.

411.     The allegations in Paragraph 411 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 411.

412.     The allegations in Paragraph 412 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 412.

## COUNT XI
## ENVIRONMENT ARTICLE, TITLE 7, SUBTITLE 2 CLAIM

413.     The Chevron Defendants incorporate their answers to the preceding paragraphs.  To the extent a further response is required, the Chevron Defendants deny the allegations in Paragraph 413.

414.     The allegations in Paragraph 414 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 414.

415.     The allegations in Paragraph 415 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 415.

416.     The allegations in Paragraph 416 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 416.

417.     The allegations in Paragraph 417 constitute a legal conclusion to which no response is required.  To the extent a response is required, the Chevron Defendants deny the allegations in Paragraph 417.

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's recovery is barred by its contributory fault, which is greater than the causal total negligence of the Chevron Defendants.

2.     Plaintiff's recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

3.     Plaintiff's effort to impose liability on the Chevron Defendants without proof of causation violates the Due Process and other clauses of the federal and state constitutions.

4.     Plaintiff's product liability claims are barred in whole or in part by the State-of-the-Art Defense.

5.     The Chevron Defendants' conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses and, therefore, Plaintiff's claims on these counts should be dismissed.

6.     Plaintiff's claims for punitive or exemplary damages are barred under the applicable state and federal law. Permitting recovery of punitive or exemplary damages in this case would contravene Defendants' constitutional rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and other provisions of the United States Constitution. *BMW of N. Am., Inc. v. Gore*, 116 S. Ct. 1589 (1996) (explaining constitutional limits

on punitive damages).

7.      Plaintiff's claim for strict liability for design defect is barred because the benefits of MTBE outweigh the danger, if any.

8.      Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption.

9.      At all relevant times, the Chevron Defendants' products complied with, and its conduct and actions both complied with and were undertaken pursuant to, applicable federal, state, and local laws, rules, regulations and specifications, and were based upon the state of knowledge existing at all material times.

10.     Plaintiff's claims are barred in whole or in part because federal, state and/or local authorities and agencies mandated, directed, approved and/or ratified the alleged actions or omissions of the Chevron Defendants.

11.     The relief sought in Plaintiff's Complaint is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

12.     Plaintiff has a plain, common, adequate and speedy remedy at law.  The equitable causes of action alleged in the Complaint are thus barred.

13.     Plaintiff is barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

14.     If it is determined, as set forth in the Complaint, that Plaintiff or anyone on whose

behalf Plaintiff is allegedly suing, was injured, which the Chevron Defendants' deny, the Chevron Defendants allege that such hardship is outweighed by the convenience and public service rendered by the Chevron Defendants' actions.

15.     Each purported cause of action asserted in the Complaint is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to specifically permit the use of MTBE as a gasoline oxygenate.

16.     To the extent that Plaintiff has received or may receive the requested relief from a governmental agency, the Chevron Defendants' assert their entitlement to an appropriate set-off or reduction of any judgment against it.

17.     The appropriate forum for Plaintiff's claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

18.     The claims set forth in the Complaint fail, in whole or in part, based on the doctrine of election of remedies.

19.     Each purported cause of action in the Complaint as applied to the Chevron Defendants is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

20.     The Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed.

21.     Because Plaintiff has not suffered any cognizable harm and has not incurred any

present damages, there is no current case or controversy, and thus, Plaintiff's claims are not ripe for adjudication.

22.     Plaintiff suffered no losses or injuries that were proximately caused by the Chevron Defendants.

23.     The Chevron Defendants' conduct was not the cause in fact of any injuries alleged by Plaintiff.

24.     Plaintiff does not have a legally cognizable injury unless or until the alleged MTBE contamination exceeds state action levels.

25.     Plaintiff may not seek attorneys' fees as an element of relief.

26.     Plaintiff has failed to properly present any claim for attorneys' fees.

27.     Because Plaintiff has sued multiple parties, under multiple causes of action, with divisible damages, the claim for attorneys' fees must be apportioned among such parties.

28.     Plaintiff's claims are barred, in whole or in part, by the mootness doctrine.

29.     Plaintiff's claims are barred, in whole or in part, by the defenses of abandonment and/or laches. Plaintiff's unreasonable and inexcusable delay in filing these actions caused substantial prejudice to the Chevron Defendants.

30.     Plaintiff is estopped by its conduct from asserting any of the purported claims alleged against the Chevron Defendants in the Complaint.

31.     Plaintiff has not investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties.

32.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

33.     The Chevron Defendants are entitled to total or partial indemnity from those individuals or entities who are responsible for Plaintiff's injuries or damages, if any, in an amount

in direct proportion to its relative culpability.

34.    Plaintiff lacks the capacity to sue.

35.    Plaintiff lacks standing to sue.

36.    Plaintiff's claims are barred because the Chevron Defendants' conduct caused no physical impact to Plaintiff's property.

37.    There is a defect or misjoinder of parties, in that Plaintiff has failed to join indispensable or necessary parties.

38.    The claims set forth in the Complaint fail, in whole or in part, because of the failure to identify which defendant, if any, proximately caused the alleged harm.

39.    Plaintiff's claimed injuries were caused in whole or in part by others, whose actions were not controlled by or related to the Chevron Defendants. Such actions are the superseding, supervening and/or intervening cause of Plaintiff's injuries and, therefore, Plaintiff may not recover from the Chevron Defendants as a matter of law.

40.    At all times, the Chevron Defendants acted with due care with respect to any petroleum or petroleum products used and took reasonable precautions against foreseeable acts or omissions of any such third parties and any foreseeable consequences.

41.    The Chevron Defendants did not own, control or release the petroleum products that caused contamination of Plaintiff's wells, if any.

42.    The Chevron Defendants' gasoline product sold or distributed for resale, if any, was properly designed, formulated, prepared and otherwise not defective in any respect.

43.    To the extent required, the Chevron Defendants provided proper warnings, information, and instructions relating to its products pursuant to generally recognized and prevailing standards in existence at the time.

44.     The Chevron Defendants are not liable for contamination where the level of MTBE is below the applicable state primary Maximum Containment Level (MCL) and/or other state standards.

45.     Any gasoline product containing MTBE manufactured, sold, or distributed for resale by the Chevron Defendants was not unreasonably dangerous when made.

46.     Plaintiff's claims against the Chevron Defendants are barred by the bulk supplier doctrine.

47.     The Chevron Defendants sold its products to knowledgeable and sophisticated purchasers, and any injury alleged by Plaintiff was caused by such purchasers' failure to observe known standards of care.

48.     The Chevron Defendants sold its products to knowledgeable and sophisticated intermediaries, and any injury alleged by Plaintiff was caused by such intermediaries' failure to observe known standards of care.

49.     Plaintiff's claims are barred by the doctrine of unclean hands.

50.     Any injury, damage or loss sustained by Plaintiff was proximately caused by and/or contributed to by its own negligence, carelessness, and/or omissions.

51.     Plaintiff's claims are barred pursuant to the learned intermediary doctrine.

52.     If any damages or injuries alleged in the Complaint occurred because of leaks in the gasoline storage tanks and associated piping, the Chevron Defendants are not liable for those damages and/or injuries to the extent that the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then-current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.

53.     The Chevron Defendants allege that they owed no duty of care to Plaintiff

(singularly and acting in other capacity) in connection with the matters alleged in the Complaint.

54.    The Complaint fails to plead the elements of negligence claims with sufficient clarity, specificity, and particularity.

55.    Plaintiff's claims are barred to the extent the conduct complained of is protected by the First and Fourteenth Amendments to the United States Constitution.

56.    Plaintiff's claims are barred based on the Chevron Defendants' valid exercise of the right of petition to the federal government, state government(s), and/or their respective deliberative bodies and agencies.

57.    Plaintiff's claims are barred, in whole or in part, based on Plaintiff's actual or constructive notice of reported spills or releases, if any, from publicly available records.

58.    There is no legal relationship upon which any duty could be owed by the Chevron Defendants to Plaintiff (singularly and acting in other capacity), and therefore, Plaintiff's causes of action fail as a matter of law.

59.    The injuries and damages, if any, alleged by Plaintiff are caused in whole or in part by the presence of compounds other than MTBE (e.g., the BTEX compounds). Under Plaintiff's own legal theories, the Chevron Defendants are not liable for damages caused by compounds other than MTBE. In the event liability is assessed against the Chevron Defendants, such liability must be reduced where, and to the extent that, other compounds – about which Plaintiff do not complain – contributed to the alleged injury.

60.    The Chevron Defendants are not liable for contamination where chemical compounds other than MTBE exceed state action levels or standards and require cleanup, regardless of the presence of MTBE.

61.    Any injury, damage or loss sustained by Plaintiff in connection with the subject

matter of this action was not reasonably foreseeable.

62.     If it is determined that, as set forth in the Complaint, Plaintiff or anyone on whose behalf Plaintiff is allegedly suing, was injured or is entitled to recovery, which the Chevron Defendants deny, the Chevron Defendants allege that any award of damages shall be reduced in proportion to the percentage of fault attributable to the negligence or fault of third parties (including but not limited to persons or entities responsible for gasoline leaks or spills). Specifically, the Chevron Defendants claim that Plaintiff's alleged injuries or expenses were proximately and directly caused by the owners, operators, transporters, distributors, refiners, manufacturers, or traders, of properties, facilities, or equipment which leaked or contributed to cause leaking of gasoline into the environment. As such, Plaintiff's recovery, if any, must be apportioned in accordance with applicable law.

63.     The injuries alleged in the Complaint, if any, may be reasonably apportioned among the defendants, as each defendant's alleged acts and omissions, including the Chevron Defendants', is divisible and distinct; therefore, no defendant is jointly and severally liable to Plaintiff for any claim alleged in the complaint.

64.     Plaintiff has unreasonably failed to mitigate its damages, if any.

65.     To the extent that any party has settled or may settle in the future with Plaintiff, the Chevron Defendants assert their entitlement to an appropriate credit or reduction of any judgment(s) against it.

66.     The Chevron Defendants are not liable to Plaintiff because it had no legal duty to disclose any of the information allegedly not disclosed.

67.     MTBE conformed to the state of the art at the time of sale and was designed, manufactured, and tested pursuant to generally recognized and prevailing standards and in

conformance with the statutes, regulations, and requirements that governed the product at the time of the design, manufacture, and sale.

68.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to impose liability and/or penalties on the Chevron Defendants retroactively or for conduct that was not actionable at the time it occurred.

69.    Plaintiff's claims are barred because they violate the due process and takings provisions of the United States Constitution to the extent that they seek to impose liability on Defendants without establishing the legal elements of, or negating the available defenses to, liability on the part of Defendants to Plaintiff.

70.    Plaintiff is a public entity and/or authority seeking compensation for damages to natural resources under its jurisdiction or purview. This public entity/authority Plaintiff has improperly delegated the power to prosecute these cases to private attorneys on a contingent fee basis. Such delegation is against public policy.

71.    Plaintiff's claims are barred to the extent that the Chevron Defendants' use of MTBE related to compliance with the Reformulated Gasoline Program under the Clean Air Act, 42 U.S.C. § 7545(k).

72.    Plaintiff's claims are barred, in whole or in part, because the damages they seek are too speculative, conjectural, and remote.

73.    Plaintiff's claims for strict liability are barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts, namely that Plaintiff was not a user or consumer of the product at issue, nor does Plaintiff allege injuries arising from its consumption or use of the product at issue.

74.    Plaintiff's claims for strict liability are also barred because of the principles

embodied in Section 402A of the Restatement (Second) of Torts, comment (i), namely that the Chevron Defendants did not sell any product that was unreasonably dangerous beyond the contemplation of the ordinary consumer.

75. Some or all of the injury or damages suffered by Plaintiff were the product of conduct for which the Chevron Defendants cannot have liability to Plaintiff, since it is lawfully undertaken by the Chevron Defendants and their predecessors in the exercise of their rights as owner(s) of real property.

76. Plaintiff cannot recover natural resources damages because the State of Maryland has not adopted regulations to define and calculate such damages.

77. Defendants affirmatively claim by way of recoupment or offset the monetary or economic benefit which the Chevron Defendants allege Plaintiff obtained by the use of RFG gasoline, including but not limited to the air quality benefits obtained.

78. Plaintiff's claims are barred because it is seeking double recovery, to the extent the Chevron Defendants have already made payment to the State of Maryland pursuant to Md. Code Ann., Envir. § 4-401 *et seq.*

79. Plaintiff lacks standing to seek relief with respect to the property of third parties.

80. There is no statute or other authority for Plaintiff's requested relief relative to the testing of public and private water supplies and, accordingly, any claim for such relief must fail.

81. With respect to groundwater or surface water with MTBE in excess of State regulatory standards, the Plaintiff's damages, if any, are limited to the cost of restoring such waters to State regulatory standards.

82. To the extent Plaintiff seeks relief with respect to any property owned or allegedly impacted by a release of MTBE from property owned by the Chevron Defendants, Plaintiff's

recovery is limited to amounts not subject to reimbursement by one or more of the State's petroleum reimbursement funds.

83.    Plaintiff may not rely on theories of collective liability to establish the alleged liability of the Chevron Defendants since the State of Maryland does not recognize such theories and since Plaintiff cannot establish the required predicates for any theory of collective liability.

84.    Plaintiff has not properly pled a claim for equitable relief and, accordingly, is limited to seeking only money damages in this civil action.

85.    The Chevron Defendants are not liable for any alleged wrongful entry upon land, if any, because Plaintiff and/or any person on whose behalf Plaintiff is making claims have expressly or impliedly consented to or had knowledge of all such activities or conduct.

86.    Plaintiff cannot establish the required predicates for their theories of collective liability, and therefore their defendant-identification burden remains. In the event that the defendant-identification burden is shifted in the future, the Chevron Defendants deny that they contributed to the contamination at issue.

87.    Plaintiff's claims are barred by the public services doctrine.

88.    Plaintiff's claims are barred by the applicable statute of limitations, including Md. Code Ann., Cts. & Jud. Proc. §§ 5-101, 5-107 and Md. Code Ann., Envir. § 1-303.

89.    Certain of Plaintiff's claims are barred by prior settlements and/or releases.

90.    The Chevron Defendants incorporate by reference any affirmative defense alleged by other defendants in this action to the extent they do not conflict with the Chevron Defendants' affirmative defenses.

91.    The pleading of the defenses described above shall not be construed as an undertaking by the Chevron Defendants of any burden that would otherwise be the responsibility

of Plaintiff.

92.     The Chevron Defendants reserve the right to assert additional defenses to Plaintiff's claims as the nature of such claims are ascertained and the facts are developed through discovery.

**WHEREFORE**, Defendants Chevron Corporation, Chevron U.S.A., Texaco Inc., and TRMI-H LLC request entry of judgment dismissing the Complaint with prejudice and awarding the Chevron Defendants their costs and attorneys' fees, and such other relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants Chevron Corporation, Chevron U.S.A., Texaco Inc., and TRMI-H LLC hereby demand a jury trial as to all claims so triable.

Dated:  October 18, 2019
Houston, Texas

Respectfully submitted,

_____
Daniel C. Sale
D. Md. Bar # 29559
King & Spalding LLP
1700 Pennsylvania Avenue, NW Suite 200
Washington, D.C, 20006
Telephone:  (202) 626-2940
Facsimile:  202 626 3737

Charles C.  Correll Jr. (pro hac vice)
Jeremiah J. Anderson (pro hac vice)
James J. Maher (pro hac vice)
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

59

**Attorneys for Defendants Chevron Corporation, Chevron U.S.A. Inc., Texaco Inc. and TRMI-H LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 18, 2019, a true, correct, and exact copy of the foregoing document was served on all counsel electronically via the CM/ECF system, which automatically sends email notification of such filing to all counsel of record.


s/ *Jeremiah J. Anderson*_____
Jeremiah J. Anderson