

mwe.com

Jim Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

March 20, 2024

**BY ECF**

The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court, District of Maryland
101 West Lombard Street, Chambers 7C
Baltimore, MD 21201

Re:     ***State of Maryland v. Exxon Mobil, et al.*, Case No. 1:18-cv-00459-SAG**

Dear Judge Gallagher:

The Parties submit this joint status update in advance of the March 27 status conference.

**1. Focus Site Depositions of Plaintiff / "Vicinity" Site Dispute**

Since the Parties' last update to the Court on January 24, five Focus Site depositions of Plaintiff have been completed (FS Nos. 4, 9, 12, 17, and 24). Two more depositions are confirmed for March 21 (FS15) and March 28 (FS40). Defendants have proposed dates for four Focus Site depositions in April, which Plaintiff intends to confirm or counter by Tuesday, March 26.

The Parties have promised to promptly identify for the Court any unresolved issues that could impact the CMO 9 schedule or the effectiveness of Focus Site depositions. One such issue has come up related to the Vicinity Sites that were the subject of Defendants' November 3, 2023 motion to compel. The Parties' positions on this issue are set forth below. The Parties intend to continue conferring about this issue over the next several days, if necessary, and will promptly inform the Court if the issue is narrowed or resolved.[1]

---

[1] The Parties are also discussing several other issues related to Focus Site depositions raised by Defendants, including certain objections made during depositions and the preparedness of Plaintiff's witnesses regarding certain designated issues. Plaintiff sent a letter to Defendants this morning setting forth its position on these issues. Any issues that the Parties are unable to resolve will be promptly brought to the Court's attention.



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

US practice conducted through McDermott Will & Emery LLP.

The Honorable Stephanie A. Gallagher
March 20, 2024
Page 2

**Defendants' Position**

As Your Honor is aware, Defendants filed a motion to compel testimony on certain Rule 30(b)(6) deposition topics and, specifically, testimony concerning "Vicinity" sites—defined as those "within 2,500 feet of a FOCUS SITE and any broader area identified by MDE or the RESPONSIBLE PARTY as impacted or potentially impacted by a RELEASE of gasoline at the FOCUS SITE." Defendants' Notice of Rule 30(b)(6) Deposition of Plaintiff State of Maryland Regarding Focus Sites (Aug. 5, 2023).

The Court granted Defendants' motion without limitation. ECF No. 755. Thereafter, Defendants conducted three Focus Site depositions with the understanding that Plaintiff was preparing its witnesses to testify on, and producing responsive documents concerning, all Vicinity Sites identified with respect to each Focus Site.

However, during a meet-and-confer on March 8, 2024, Plaintiff disclosed for the first time that counsel had been making determinations as to which identified Vicinity Sites it would prepare its witnesses. Correspondingly, because Plaintiff had chosen not to prepare its witnesses on those sites, it did not produce any documents related to those sites on which it chose not to prepare its witnesses. In other words, Defendants have received testimony and documents on only a subset of Vicinity Sites. Moreover, Defendants understand that the withheld sites have some degree of soil or groundwater contamination, information which bears directly on the claims and defenses in this lawsuit, especially Plaintiff's claim for natural resource damages.

Plaintiff's counsel's unilateral selection of which Vicinity Site(s) it will prepare its witnesses to testify about directly contravenes the Court's Order. Nothing in that Order, or in the discussion culminating in that Order, permits Plaintiff or its outside counsel to restrict the Vicinity Sites about which its witnesses must testify. Rather, Plaintiff was ordered to prepare its witnesses to respond to each of the designated topics including, where applicable, information about *all* identified Vicinity Sites.

Plaintiff's counsel's violation of the Court's Order becomes even more indefensible when one considers *how* the violation is being performed. While the exact approach taken by Plaintiff's counsel remains unclear, Defendants understand that, among other things, counsel considered groundwater flow direction at the particular Focus Site. While Defendants do not dispute that this may be a valid fact for environmental professionals or other technical personnel to consider, Plaintiff's outside counsel is neither. Moreover, it is entirely unclear what information Plaintiff's outside counsel is relying on for his analysis, or how he is performing it, when his client – the State of Maryland and its myriad environmental specialists – repeatedly has refused to take a position on groundwater flow direction at any Focus Site because the State has purportedly never independently investigated such groundwater flow direction. In short: Plaintiff's outside counsel is impermissibility limiting Defendants' discovery by performing some undisclosed analysis that his own client disclaims ever having done itself.[2]

---

[2] To be clear, Defendants have no objection to Plaintiff limiting the area it considers to be within the Vicinity of the Focus Sites – so long as Plaintiff also agrees that the damages relating to any of the Focus Sites will be limited to that same area. In addition, Plaintiff's 30(b)(6) witness should be prepared to identify and describe the area defined to be in the Vicinity of the Focus Site.



The Honorable Stephanie A. Gallagher
March 20, 2024
Page 3

Defendants served a letter on March 13 seeking, *inter alia*, additional information about Plaintiff's counsel's process for selecting/excluding Vicinity Sites, and the identification of which Vicinity Sites Plaintiff's counsel has excluded from witness preparation and document production to date. Plaintiff responded *this morning* with some, but not all, of the requested information and, as noted above, the Parties will continue to confer on this issue. However, absent a negotiated resolution, Plaintiff either should be ordered to comply with the Court's Order by preparing witnesses (and producing documents) for each Vicinity Site, or its claims in this case should be strictly limited to a geographic scope that is disclosed to Defendants now, during discovery.

**Plaintiff's Position**

Plaintiff has complied with the Court's Order and has conducted an extensive investigation to ensure that it has met all of the requirements set forth in the Court's ruling that "Defendants' Motion to Compel Testimony, ECF 743, is GRANTED." ECF No. 755. When seeking the Order to Compel from the Court, Defendants reassured the Court and Plaintiff that they were seeking only "reasonable" and "relevant" information. *See, e.g.*, ECF 750 at 1 ("All Defendants are asking for is the right to elicit State testimony about facts relevant to the alleged NRD Plaintiff will attempt to prove up and recover at trial."); 756 at 15:4-25 (stating that all Defendants ever asked for was a "reasonable search"). Having obtained the Order on the basis of these representations, however, Defendants now seek to turn the Court's Order granting testimony on certain specific topics into a carte-blanche fishing expedition for documents that have never been requested and are not relevant to what Defendants told this Court they wanted: "witnesses prepared to testify about groundwater, potable wells and other environmental conditions within the reasonably-defined Vicinity of each Focus Site." ECF No. 743.

However, even before addressing the merits of this issue and explaining why Defendants are mistaken, it is clearly premature for this issue to be brought to the Court. By Defendants' own accounting, the issue only arose on March 8 and Defendants did not follow up with a letter until March 13, to which Plaintiff promptly responded on March 20. Plaintiff's letter sent on March 20, 2024, and follow-up meet-and-confer discussions, may very well resolve the issue, or significantly narrow it. For completeness, Plaintiff attaches both Defendants' March 13 letter and Plaintiff's March 20 response.

Apart from being premature, Defendants' criticism suffers from three significant flaws:

1) Defendants seek to expand the Court's ruling on its motion to compel.

Defendants' motion to compel was to compel testimony on limited topics about the environs of the "Vicinity" of each Focus Site. Defendants made this very point when addressing 13 specific topics in their motion to compel. *See* ECF No. 743. Defendants stated that all they were "asking for is the right to

---

So, while Defendants remain willing to accept a more limited definition of the Vicinity of any site, that limitation must involve a stipulation similarly narrowing the geographic scope of Plaintiff's claims, including any claim for natural resource damages. In the absence of such an agreement, Plaintiff is not entitled to unilaterally limit the discovery ordered by this Court.



The Honorable Stephanie A. Gallagher
March 20, 2024
Page 4

elicit State testimony about facts relevant to the alleged NRD Plaintiff will attempt to prove up and recover at trial." ECF No. 750 at 1. Now, Defendants seek to expand the topics for which they seek testimony beyond what they have noticed, contrary to the requirement of Federal Rule of Civil Procedure Rule 30(b)(6) that they "describe with reasonable particularity the matters for examination." Defendants thereby also seek to expand this Court's Order, which required Plaintiff to prepare its witnesses only on the topics actually noticed, and with which Plaintiff complied based in part on Defendants' statements regarding the scope of those topics.

    2)  Defendants seek to convert their motion to compel testimony into new document requests.

Defendants filed a motion seeking to compel *testimony*, but they now complain primarily about *documents* that they argue have not been produced. However, Defendants never requested all files related to Vicinity Sites, but only "DOCUMENTS read, reviewed, considered, and/or relied upon by the deponent to prepare for this deposition or determine the facts related to any issue set forth in this Notice." ECF 743-1 at 12 of 12. Defendants appear now to be asking for *all* files related to Vicinity Sites, regardless of whether those files have any information related to any noticed topic, and irrespective of whether they were relied on by the witness. To be clear, Plaintiff acknowledges that Vicinity Site files used by the witness to prepare for the deposition must be produced (and have been produced), but there is nothing in the Court's Order, as understood by Plaintiff, requiring it to produce a file not read, reviewed, considered, or relied upon by the deponent, merely because it is associated in some way with a Vicinity Site.

    3)  Defendants misstate relevant facts.

By not waiting until this issue is ripe for the Court's attention, Defendants misstate what Plaintiff has done in the past, and what it is willing to do going forward, even if not strictly required. Defendants simply are wrong that most Vicinity Sites for which Plaintiff did not produce documents "have some degree of soil or groundwater contamination." Many of the files for Vicinity Sites that were not produced to Defendants did not indicate any contamination and were not responsive to any deposition topic. There was no reason—let alone any obligation—for Plaintiff to give these files to its witness to prepare for a deposition, and thus no reason or obligation to produce the files to Defendants. In some limited circumstances, Plaintiff did not produce certain files that appeared irrelevant based on groundwater flow direction, but it has agreed not to do so going forward. Moreover, Plaintiff has offered to discuss with Defendants which files demonstrating soil contamination may be relevant, and which are not.

In short, Plaintiff has done its best to honor this Court's ruling, and has agreed to further discuss with Defendants any deficiencies that they perceive. Defendants should not be allowed to expand their motion to compel without a full meet and confer, and without briefing.

    **2.  Plaintiff's Production of Documents in Advance of Focus Site Depositions**

Defendants' Rule 30(b)(6) Focus Site Deposition Notices request: (1) all documents read, reviewed, considered, and/or relied upon by the deponent to prepare for the deposition or determine the



The Honorable Stephanie A. Gallagher
March 20, 2024
Page 5

facts related to any issue in the notice, and (2) to the extent not already produced, all documents responsive to Defendants' First and Second Sets of Focus Site Requests for Production.

**Defendants' Position:**

Following the Court's above-referenced Motion to Compel ruling, Defendants requested that Plaintiff make its documents productions 30 days in advance of each deposition. Plaintiff has not agreed to that timeframe, and so, as a fallback, Defendants' Notices request the production be made at least 10 *business* days prior to the deposition.

Recently, Plaintiff responded that it would "endeavor to make any supplemental productions connected to Focus Site depositions at least 10 days ahead of such deposition." However, Plaintiff's most recent productions and correspondence demonstrate that despite its efforts, Plaintiff is not producing documents sufficiently in advance of the focus site depositions. For example, Plaintiff produced 437 documents (totaling nearly 14,000 pages) related to FS09 only 5 business days in advance of the deposition; documents for a deposition to be taken on March 20 were produced at the end of the day on March 13, just five business days in advance; and Plaintiff has indicated it still has documents to produce for the deposition scheduled for March 28—six business days from today. The Parties are continuing to confer on this issue and will raise any ripe issues with the Court on March 27.

**Plaintiff's Position:**

The majority of documents that Defendants need for any of the Focus Site depositions have been in Defendants' possession for months, or even years. The issue Defendants raise here is limited to supplemental documents requested in connection with their deposition notice, specifically "all documents read, reviewed, considered, and/or relied upon by the deponent to prepare for the deposition or determine the facts related to any issue in the notice." Plaintiff notes that most supplemental documents being produced to Defendants are documents related to Vicinity Sites. By way of example, all of the 437 documents (approximately 14,000 pages) related to FS09 produced before that deposition related to Vicinity Sites.[3]

Moreover, Defendants' request that Plaintiff produce all documents 30 days in advance of a deposition ignores a basic fact of litigation: due to a variety of circumstances, a witness may not start—let alone finish—preparing for a deposition 30 days in advance of that deposition. Plaintiff will make every effort to produce documents to Defendants at least 10 days before a deposition. In certain circumstances, however, small productions closer in time to a deposition may be necessary as a witness finishes preparing for that deposition.

---

[3] This provides further context as to why Defendants' attempt to expand the documents that Plaintiff must produce in connection with Vicinity Sites would be unduly burdensome.



The Honorable Stephanie A. Gallagher
March 20, 2024
Page 6

### 3. Focus Site Depositions of Defendants

On March 8, 2024, Plaintiff served individual Focus Site 30(b)(6) deposition notices on 17 defendant groups and intends to meet and confer with each defendant group individually.

### 4. Non-Site-Specific Depositions of Plaintiff

On December 26, Defendants served a Second Amended Notice of Rule 30(b)(6) Deposition concerning gasoline distribution in and into Maryland ("Defendants' Amended Notice"). Plaintiff served objections to that Amended Notice on February 9. To date, the Parties have held two productive videoconferences regarding Plaintiff's objections. Plaintiff's investigations into several designated issues and requests for production are continuing, and the Parties anticipate continuing to dismiss these items. Any issues the Parties cannot resolve will be promptly brought to the Court's attention.

### 5. Non-Site-Specific Depositions of Defendants

The State continues to meet and confer with individual Defendants regarding the State's Amended Rule 30(b)(6) Notice of Deposition regarding Defendants' supply of gasoline into and in Maryland. The Notice included document requests for documents not previously produced, and Defendants, for the most part, are working to locate and produce responsive documents. Most of the Defendants that the State has met and conferred with regarding the Notice prefer to proceed with a stipulation in lieu of deposition, and the State has drafted and shared a template stipulation with those Defendants. The parties are working diligently to agree on language, and Plaintiff expects to finalize several stipulations within the next 60 days. To date, two Defendants, ExxonMobil Corporation and Hess Corporation, have opted to proceed by deposition. The State has a tentative date set for the supply deposition of Hess Corporation. ExxonMobil has yet to provide dates when its witnesses are available for deposition. Plaintiff has been told it will be provided those dates.

Plaintiff will also be serving a Second Amended Notice of Deposition on Designated Issues Regarding Knowledge and Warnings to certain Defendants within the next few days.

***

We appreciate Your Honor's time and attention to this matter and look forward to speaking with the Court on March 27.



The Honorable Stephanie A. Gallagher
March 20, 2024
Page 7

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *James A. Pardo* | /s/ *Yechiel M. Twersky* |
| James A. Pardo | Yechiel M. Twersky |
| McDermott Will & Emery LLP | Berger Montague PC |
| *Counsel for Exxon Mobil Corporation and on behalf of all Defendants of Record* | *Special Counsel for the State of Maryland* |

cc:     All Counsel of Record by ECF

