# Exhibit A



mwe.com

Lisa Gerson
Attorney at Law
LGerson@mwe.com
+1 212 547 5769

March 13, 2024

VIA EMAIL AND LNFS

Michael Twersky
Berger Montague, PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Re: **_State of Maryland v. Exxon Mobil Corporation, et al._, Case No. 1:18-cv-00459-SAG**
Focus Site Depositions

Dear Michael:

I write on behalf of Defendants to summarize the meet-and-confers that took place on March 8 and 11 regarding Focus Site depositions, including Charles Correll's letter of February 23 ("Defendants' Letter") and Plaintiff's response of February 29 ("Plaintiff's Response"). Although the parties' discussions were focused on the FS24 deposition, the issues are common to most, if not all, Focus Site depositions of Plaintiff.

### I.  Google Earth Document

Thank you for agreeing to produce the Google Earth map reviewed by Ms. Bull and referenced by her at the FS24 deposition. We look forward to receiving that promptly.

### II.  Non-OCP Records

As a general matter, the Parties discussed, and Plaintiff agreed with, Defendants' position that the Rule 30(b)(6) deponents for all Focus Site depositions are testifying on behalf of the State of Maryland, not the Maryland Department of Environment ("MDE") or the Oil Control Program ("OCP"). However, in several of the Focus Site depositions, Plaintiff's counsel objected to certain questions concerning agencies or groups other than OCP or MDE as "outside the scope." *See, e.g.*, FS37 Rule 30(b)(6) Dep. Tr. At 185:15-186:6, (Jan. 22, 2024) (concerning Designated Issue 7); FS12 Rule 30(b)(6) Dep. Tr. at 106:16-106:24, (Jan. 30, 2024) (concerning Designated Issue 8); FS04 Rough Rule 30(b)(6) Dep. Tr. at 106:24-108:13, (Feb. 29, 2024) (concerning Designated Issue 10).  As discussed, Defendants have requested that Plaintiff's counsel stop making such "scope" objections to questions which address topics falling within the designated issues, but which implicate Maryland State agencies or groups other than OCP and MDE.  Plaintiff agreed that such objections would not be proper.

### A.  Water Management Administration Records



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Michael Twersky
March 13, 2024
Page 2

Following our discussion, we understand the parties to be in agreement that Plaintiff's witnesses will be prepared to testify concerning any potable wells identified during or in connection with a particular Focus Site investigation and that such preparation will include review of relevant documents regardless of whether maintained by MDE, OCP, or another State agency or group.

However, Defendants further understand from our conversation that the private well records maintained by the Water Management Administration and referenced during the FS24 deposition contain only location and construction information, not sampling data or contaminant information. *See* FS24 Rule 30(b)(6) Dep. Tr. at 64:17-65:1. To the extent such location information is responsive to any designated issue, including but not limited to Designated Issue 13—seeking information regarding sensitive receptors at or in the Vicinity of the Focus Site, as identified in connection with the investigation—Defendants expect the State's witnesses to be prepared to testify about that issue.

### B. Supply of Gasoline

Regarding Designated Issue 7, Defendants understand that, generally, the State does not possess information regarding gasoline supply to the Focus Sites for the relevant 1979-2006 time period. For most sites then, the answer to questions concerning Designated Issue 7 would be that the *State* does not possess supply information, not that the OCP case files do not contain such information, as was the testimony given during the FS37 and FS24 depositions. *See* FS37 Rule 30(b)(6) Dep. Tr. at 185:1-187:11; FS24 Rule 30(b)(6) Dep. Tr. at 97:13-98:15. However, Defendants expect Plaintiff to make a Focus Site by Focus Site determination about whether such supply records exist. Please confirm that Plaintiff is doing so and that its witnesses will be prepared accordingly.

During the March 11 meet and confer, Plaintiff's counsel said several times that MDE witnesses cannot testify about supply because the MDE records do not contain supply information. However, under Rule 30(b)(6), the State's obligation is to "…designate **one or more** officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…." Fed. R. Civ. P. 30(b)(6) (emphasis added). Plaintiff has thus far not limited the topics on which its Rule 30(b)(6) Focus Site deponents will testify and, therefore, Defendants reasonably believed that the proffered witness would be prepared to testify on all topics in the notice, including Designated Issue 7. If the witness for each Focus Site is not prepared to testify on all topics on the notice, Plaintiff must designate additional witness(es).

The Parties agreed to address the substance of what records the State may possess regarding gasoline supply at or with respect to specific sites during the discussion on Defendants' 30(b)(6) Notice of Deposition Regarding Gasoline Distribution in and into Maryland, but Defendants note that we have asked for such supply information in both the site-specific and non-site-specific context, just as Plaintiff has done. *See, e.g.,* Plaintiff State of Maryland's Amended Notice of Deposition of Each Defendant on Designated Issues Regarding Gasoline Sold in Maryland with Production of Documents and Videotaping at Designated Issues Nos. 3, 4, 5, 6, 7, 8, 9, 16, 18, 25, and 26 (Apr. 5, 2023); Plaintiff State of Maryland's Notice of Deposition of the Exxon Defendants Regarding Focus Sites at Designated Issues Nos. 17, 18, 19, 20, 38 (Mar. 8, 2024).



Michael Twersky
March 13, 2024
Page 3

### C. Department of Natural Resources

Plaintiff stated that, for the most part, the Department of Natural Resources ("DNR") does not have site-specific information responsive to Defendants' Focus Site deposition notices but acknowledged that there could be responsive information for specific properties. To the extent such responsive information exists for a particular Focus Site, Defendants understand from our conversation that the State's witness will be prepared to testify about that information. Please promptly let us know if you disagree with this understanding.

### III. Vicinity Sites

As you are aware, on December 11, 2023, the Court granted Defendants' Motion to Compel Testimony about "Vicinity" sites, as defined in Defendant's Rule 30(b)(6) Focus Site Deposition Notice. The Court also took a broad view of the discovery Defendants are permitted to take regarding the Focus Sites, explaining, for example: "[The State is] the one seeking the natural resource damages and [Defendants] are entitled to get – collect whatever relevant information they feel they believe [sic] to defend against what the State is seeking." Hrg. Tr. at 10:2-5 (Dec. 11, 2023).[1]

Nothing in the Court's order or the discussion on the record permitted Plaintiff to limit the Vicinity Sites about which its witnesses must testify. Plaintiff was ordered to produce and prepare its witnesses with information responsive to designated issues – *i.e.,* any Vicinity Site with soil or groundwater contamination (whether related to MTBE, petroleum or otherwise) located within 2,500 feet of a Focus Site. However, during our discussion, Defendants learned for the first time—and after having conducted seven Focus Site depositions—that Plaintiff's counsel has been making apparently arbitrary and unilateral determinations as to which Vicinity Sites it will prepare its witnesses to testify about.

While the exact parameters of Plaintiff's counsel's determination are unclear, we understand that, among other things, there was some consideration given as to groundwater flow direction at the Focus Site and whether the other sites were hydrologically up-, side-, or down-gradient of the Focus Site. This delineation analysis is directly contrary to the position the State took during the September 2023 meet-and-confer regarding Defendants' Rule 30(b)(6) Focus Site Deposition Notice. There, the State refused to stipulate to groundwater flow direction at each Focus Site, claiming that such information was not a fact "known by the State" because it did not conduct an independent investigation of groundwater flow direction. Defendants find it incredible that the State's outside counsel somehow can now rely on facts that are unknown to the State, and for which the origin and accuracy is unknown and indeterminable, to limit what evidence it will produce in connection with Defendants' defenses to the State's claims. The State's refusal to limit its NRD claims to the Vicinity Sites and *its outside counsel* area selected for witness preparation is nothing less than an effort to hamstring Defendants' ability to defend against the State's sweeping claims. To be clear, while Defendants remain willing to accept a stipulation limiting the geographic scope of Plaintiff's NRD claims, and similarly narrow the definition of "Vicinity," until such

---

[1] To the extent Plaintiff is suggesting that only some subset of the Vicinity Sites is "implicated by [Plaintiff's] NRD claims" (Plaintiff's Response at 3), that position is contrary to Defendants' granted motion and the Court's statements, both of which made clear that the Vicinity Sites are related to Defendants' *defense* of Plaintiff's NRD claim, not limited to Plaintiff's affirmative claim.



Michael Twersky
March 13, 2024
Page 4

time as a stipulation is agreed to, Plaintiff is not entitled to unilaterally limit the discovery ordered by the Court.

Accordingly, and as an initial step, Defendants request that Plaintiff promptly (1) explain in detail the parameters it has been using to exclude Vicinity sites from its witnesses' preparation; (2) identify the Vicinity sites excluded from the witnesses' preparation for each Focus Site deposition already conducted; (3) clarify if any documents concerning the full list of Vicinity sites (not just those deemed relevant by counsel) have been withheld from production; (4) clarify whether Plaintiff is querying the following programs to identify Vicinity sites and documents relating to those Vicinity sites: Hazardous Waste Program, Land and Materials Administration, Land Restoration Program, Mining Program, Solid Waste Program, Water and Science Administration.[2]

Finally, Defendants raised two issues that we hope will be resolved in future Focus Site depositions. First, at the FS12 deposition, counsel objected that questions regarding releases at the Vicinity Sites were outside the scope of the notice. *See* FS12 Rule 30(b)(6) Dep. Tr. at 276:1-276:18, 281:15-18. Second, during the FS09 deposition, the witness was unprepared to answer certain questions regarding remediation at the identified Vicinity Sites. *See* FS09 Rough Rule 30(b)(6) Dep. Tr. at 211:5-212:12 (Feb. 27, 2024) (questions relating to Designated Issue 21). Defendants expect that, going forward, Plaintiff's counsel will stop objecting to questions about Vicinity Sites as outside the scope and prepare the State's witnesses to testify about all responsive Vicinity Sites.

### IV.     Alleged Costs and Damages (Non-Oversight)

Defendants reiterated that Topics 34 and 37 are not seeking testimony on the calculation of damages, but instead on the underlying factual cost information, including whether and how much money from the Maryland Oil Disaster Containment, Cleanup and Contingency Fund and/or the Oil Contaminated Site Environmental Cleanup Fund have been spent on each Focus Site. Plaintiff agreed to prepare its witnesses going forward to talk about the money expended and the fund(s) from which it was paid, to the extent it can be traced. Defendants request that for the seven Focus Site depositions that have already taken place, Plaintiff confirm in writing that its responses to Defendants' First Set of Site-Specific Interrogatories and Requests for Production, Interrogatory No. 2 remain correct.

### V.      Tasks Performed and Time Spent on Oversight

Plaintiff agreed that the witnesses could be better prepared to testify regarding Topic 35 and the oversight tasks performed by each employee at each Focus Site, including, for example, the substantive information on the Daily Activity Forms produced by Plaintiff for each Focus Site. While Defendants

---

[2] Relatedly, Plaintiff stated that it "is under no obligation to produce *all* Vicinity Site Files, but only those files with responsive information that the witness *relied* on to prepare for the designated issues." (Plaintiff's Response at 3) (second emphasis added). That is not correct. The Court granted Defendants' Motion to Compel Testimony about "Vicinity" sites without limitation. Hrg. Tr. at 22:12-23:5 (Dec. 11, 2023). Plaintiff is obligated to properly prepare its witnesses on all Vicinity Sites and it is further obligated to produce all documents "read, reviewed, considered, and/or relied upon by the deponent to prepare for this deposition or determine the facts related to any issue set forth in this Notice." *See* Defendants' Rule 30(b)(6) Focus Site Deposition Notice at Request for Production No. 1. Please clarify whether Plaintiff has withheld from production any documents even for those Vicinity Sites on which the witnesses who were already deposed were prepared to testify.



Michael Twersky
March 13, 2024
Page 5

recognize that the witnesses will not be able to testify to exactly what each employee did on a particular day, the witnesses should be able to testify what a particular employee's role was with respect to each Focus Site. For example, the witness should be able to explain Mr. Smith's role with respect to the site and the types of activities he would have performed (*e.g.*, review of submitted investigation reports, drafting correspondence on acceptance or modification of remediation proposals, conducting site visits, or conducting UST system inspections, etc.). The witness should also be prepared to testify as to the total number of hours spent on oversight at the Focus Site and the actual cost to the State of that oversight time.

Plaintiff suggested this topic might also efficiently be covered by a declaration. Defendants are willing to discuss further Plaintiff's proposal regarding a declaration about the alleged oversight costs for each Focus Site. However, Defendants need more details on what the declarations would contain. Defendants propose that Plaintiff provide a draft declaration for FS17 ahead of the deposition scheduled for March 20 in order for Defendants to assess the usefulness of such a declaration.

Finally, Defendants also requested that for one Focus Site, a witness be prepared to discuss the Daily Activity Forms tables, what information they contain, and how to extract such information. Plaintiff agreed to consider a short deposition on the Daily Activity Forms tables.

***

Given the upcoming Focus Site depositions scheduled for March 20, 21, and 28 and the upcoming court conference scheduled for March 27, Defendants request a response to this letter no later than Friday, March 15.

Sincerely,

*Lisa Gerson*

Lisa Gerson

cc:    All Counsel of Record via LNFS

