

mwe.com

Jim Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

March 20, 2025

**BY ECF**
The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court, District of Maryland
101 West Lombard Street, Chambers 7C
Baltimore, MD 21201

Re:   ***State of Maryland v. Exxon Mobil, et al.*, Case No. 1:18-cv-00459-SAG**
*Defendants' Revised Proposed CMO*

Dear Judge Gallagher:

As directed by the Court at the March 4 status conference, the Parties have continued to confer about a schedule and proposed Case Management Order ("CMO") for the completion of fact and expert discovery. Defendants appreciate the additional two days Your Honor gave us for those discussions and, I am pleased to report, that time was used to reach agreement on most of the remaining issues. Unfortunately, one area of disagreement remains – the deadlines for service of Focus Site expert reports.

Your Honor will recall that Defendants originally proposed Plaintiff produce all of its Focus Site expert reports on July 15, 2025. ECF No. 804-1. However, because certain topics (*i.e.*, supply and warnings) for Focus Site fact depositions had been deferred to Non-Site-Specific ("NSS") fact depositions that largely have yet to occur, Your Honor expressed concern that our July date was "overly optimistic." *See* Hrg. Tr. at 30:15-22. But that fact has resolved itself. Plaintiff conceded during the parties' discussions that it does not need that additional Focus Site discovery on the topics of supply or warnings in order to serve its Focus Site expert reports on the topics of damages, underground storage tanks, and warnings. Given Plaintiff's concession, it would be reasonable for Defendants to return to our original July 15 proposal for all Focus Site reports.

But that is **not** what Defendants have done. Rather, we have proposed a compromise that meets Plaintiff's professed need for a reduced burden and additional time, while also respecting the Court's directive that the Parties "forge ahead with some of the … Focus Site expert discovery that can be dealt with." Hrg. Tr. at 31:4-6. Specifically, Defendants have agreed to Plaintiff's request for an additional two weeks to make its Focus Site expert disclosures and also have accepted – at least conceptually – Plaintiff's request that Plaintiff be permitted to serve its opening Focus Site expert reports in waves, rather than all at once. Where the parties disagree is on the schedule for those waves of productions and how such grouping impacts Defendants' ability to respond.

As depicted in the summary table below and memorialized in Defendants' attached proposed CMO (at Exhibit A), Defendants propose that Plaintiff's Focus Site expert reports be served in two groups: the



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Stephanie A. Gallagher
March 20, 2025
Page 2

first set, for at least 23 Focus Sites (roughly half), on July 21; and the second set (for the remaining Focus Sites) one month later, on August 20. This approach addresses Plaintiff's concerns about burden and time, while ensuring that Focus Site expert work "forge[s] ahead" and that substantial progress is made over the summer months.

In contrast, Plaintiff proposes serving its Focus Site expert reports in three waves, with the first wave—for a mere 10 Focus Sites (*i.e.*, less than one-quarter)—not occurring until the very end of summer (August 29). Plaintiff's second production of reports (also for 10 Focus Sites) would not occur until September 19, and its production of all Focus Site reports would not be complete until well into the fall—on October 3, 2025.

Plaintiff's proposal again defies common sense and is the antithesis of Your Honor's instruction to "forge ahead" with Focus Site expert discovery. Plaintiff ignores that the necessary Focus Site fact discovery is almost entirely done now; that its experts do not require the supply and warnings discovery that remains to be taken; and that there are a full **five months** ahead of us (April-August) when Focus Site expert discovery can and should be taking place. In contrast, Defendants' proposal is a compromise that makes sense and respects the Court's instruction, while offering Plaintiff additional time and the staggered production schedule it demands. While the Parties' final deadlines for Focus Site expert reports fall at roughly the same time—February 2026—Plaintiff's proposal achieves that end primarily by cutting Defendants' time to respond.

Which leads to the second significant difference between the Parties' proposals—*i.e.*, that Plaintiff seeks to impose its own desire for staggered report deadlines on Defendants. Defendants object to any schedule that requires them to serve *parts* of their Focus Site expert opinions before all are finalized. There are practical reasons for this, including the need to coordinate among dozens of Defendants with sometimes differing interests in the sites, as well as the basic need to ensure consistency in methodology across all sites. As a compromise, Defendants' proposal retains a November deadline for responsive reports even though Defendants will not receive all of Plaintiff's reports until late August (essentially reducing by one month Defendants' time to respond to that second set of reports).[1]

For the foregoing reasons, Defendants respectfully request that the Court order Defendants' proposed CMO, attached as Exhibit A. A comparison of the parties' proposals is provided below.

---

[1] To the extent Plaintiff raises the fact that certain of the plaintiff's Focus Site expert reports were served in multiple waves in the *Pennsylvania* case, that was not the original schedule. It was adopted by the Court as a revised schedule after plaintiff missed its deadline. *See Commn'w. of Pa. v. Exxon Mobil Corp.*, et al., Case No. 14-cv-06228 (S.D.N.Y.), ECF No. 668. Even there, Defendants were not forced to stagger their responses.



The Honorable Stephanie A. Gallagher
March 20, 2025
Page 3

|  | Defendants' 2/20/25 Proposal (ECF No. 804-1) | Defendants' Revised Proposal | Plaintiff's Revised Proposal |
|---|---|---|---|
| Pl.'s Identification of Focus Site Experts | 4/15/2025 | 5/1/2025 | Same |
| Defs.' Identification of Focus Site Experts | 6/2/2025 | 6/2/2025 | Same |
| Pl.'s Service of Focus Site Reports | 7/15/2025 | 7/21/2025 (at least 23 sites) <br> 8/20/2025 (remaining sites) | 8/29/2025 (first 10 sites) <br> 9/19/2025 (next 10 sites) <br> 10/3/2025 (remaining sites) |
| Defs.' Responsive Focus Site Reports | 11/15/2025 | 11/21/2025 | 11/12/2025 <br> 12/3/2025 <br> 12/17/2025 <br> [*i.e.*, 75 days after each set] |
| Pl.'s Rebuttal Focus Site Reports | 2/16/2026 | 2/20/2026 | 1/12/2026 <br> 2/2/2026 <br> 2/16/2026 <br> [*i.e.*, 60 days after each set] |

Respectfully submitted,

/s/ *James A. Pardo*

James A. Pardo
McDermott Will & Emery LLP

*Counsel for Exxon Mobil Corporation, ExxonMobil Oil Corporation, and on behalf of all Defendants of Record*

cc:   All Counsel of Record by ECF

