# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, | * |
| | * |
| *Plaintiff*, | * |
| | *    Case No. 1:18-cv-00459-SAG |
| v. | * |
| | * |
| EXXON MOBIL CORPORATION, *et al.,* | * |
| | * |
| *Defendants*. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

**[PROPOSED] CASE MANAGEMENT ORDER NO. \_\_\_**

This Case Management Order ("CMO") sets forth the schedule for Non-Site-Specific and Focus Site fact and expert discovery in this matter. As detailed below, the subject matter and deadlines described in Sections I.D and II.D.2 will be the subject of a subsequent CMO.

I. **FACT DISCOVERY**

  A. **Depositions**

    1. **Focus Site Depositions**

      a. In accordance with CMO 11 (ECF No. 779), all Focus Site fact depositions – of Plaintiff and Defendants – were to be completed by March 14, 2025. With the Court's permission, the depositions listed below may be conducted after the deadline in accordance with the schedule set forth herein:

        i. Day 2 of Defendants' Rule 30(b)(6) deposition of Plaintiff regarding FS02 must be scheduled (and all outstanding documents produced) by April 1 and completed by April 30;

1

      ii. Defendants' Rule 30(b)(6) deposition of Plaintiff regarding FS05 must be scheduled (and all outstanding documents produced) by April 1 and completed by April 30;

      iii. To the extent that Plaintiff intends to conduct a Rule 30(b)(6) Focus Site deposition of Sheetz, Wawa, or Apex, each such deposition must be scheduled by April 10 and completed by May 15;

      iv. Plaintiff's Rule 30(b)(6) Focus Site deposition of Chevron regarding FS02 must be scheduled by April 10 and completed by May 15.

For the avoidance of doubt, no new requests for production may be served in connection with these depositions.

b. To the extent Plaintiff has noticed but not yet taken a Non-Site-Specific Rule 30(b)(6) deposition of a defendant on the topics of warnings, knowledge or supply, such Non-Site-Specific deposition may include questioning on the topics of warnings, supply, or other topics expressly deferred by agreement of the parties (collectively, the "Deferred Topics") regarding the Focus Site(s) for which the defendant was previously noticed for a Focus Site deposition. Such depositions shall be completed by the deadline for completion of Non-Site-Specific depositions (October 30, 2025). The Parties shall continue to confer regarding the potential to address any Deferred Topics by individual declaration and/or defense group matrix.

c. The following declarations in lieu of deposition shall be finalized and signed by April 30, 2025:

      i. Plaintiff's declarations in lieu of Rule 30(b)(6) depositions for FS13, FS18, FS23, FS45, and FS49; and

        ii.    CITGO's declaration in lieu of a Rule 30(b)(6) Focus Site deposition.

**2. Non-Site-Specific Depositions**

Any additional notices of Non-Site-Specific depositions shall be served by April 8, 2025. All Non-Site-Specific Rule 30(b)(6) or fact witness depositions, or declarations in lieu of such depositions, shall be completed by October 30, 2025.

Plaintiff shall conduct no more than an additional two (2) Non-Site-Specific depositions of each Defendant, and Defendants, collectively, shall conduct no more than an additional three (3) Non-Site-Specific depositions of Plaintiff.[1] Depositions that a Party has already noticed, or any amendments to such notices shall not be counted towards this limit.

**B. Interrogatories**

No party may serve any additional interrogatories, without leave of Court and without good cause shown, except for contention interrogatories.[2]

**1. Non-Site-Specific Contention Interrogatories**

    a. Each Defendant group may serve Plaintiff with up to 10 Non-Site-Specific contention interrogatories including all discrete subparts.[3] Defendants will use best efforts to avoid serving Plaintiff with duplicative contention interrogatories.

    b. Plaintiff may serve each Defendant group with up to 10 Non-Site-Specific contention interrogatories including all discrete subparts.

---

[1] For purposes of this limit, a 30(b)(6) deposition shall be counted as a single deposition regardless of the number of witnesses designated.

[2] This CMO is not intended to enlarge the scope of proper contention interrogatories, or to foreclose any party from otherwise appropriately objecting to any contention interrogatory.

[3] For the meaning of "discrete subparts" as used in this CMO, *see U.S. ex rel. Birckhead Elec., Inc. v. James W. Ancel, Inc.*, 2014 WL 7364461 (D. Md. Dec. 23, 2014) (Gallagher, J.) (providing guidance on how to count subparts).

3

    c. All Non-Site-Specific contention interrogatories shall be served within 15 days of the completion of Non-Site-Specific expert depositions and shall be responded to within 90 days of service.

2. **Focus Site Contention Interrogatories**

    a. Each Defendant group may serve Plaintiff with up to 23 Focus Site contention interrogatories including all discrete subparts. Defendants will use best efforts to avoid serving Plaintiff with duplicative contention interrogatories.

    b. Plaintiff may serve each Defendant group with up to 23 Focus Site contention interrogatories including all discrete subparts.

    c. For purposes of the limitations in subsections 2(a) and 2(b), a request for information on "each Focus Site" or on a subset of Focus Sites is counted as one subpart, not as a subpart for each Focus Site.

    d. All Focus Site contention interrogatories shall be served within 15 days of the completion of Focus Site expert depositions and shall be responded to within 90 days of service.

C. **Requests for Production ("RFPs").**

No further RFPs shall be permitted without leave of court and without good cause shown, except that this provision does not apply to RFPs in connection with the deposition notices permitted by Section I.A.2 or expert witness deposition notices. In serving RFPs pursuant to this section, the parties shall use best efforts to avoid serving RFPs duplicative of discovery already served and responded to in this action, the MDL 1358 Litigation, or Prior MTBE Litigations.[4]

---

[4] As defined in the February 3, 2020 "Stipulated Order Regarding Use of Discovery from Prior MTBE Actions" (ECF 501) MDL 1358 Litigation shall mean Prior MTBE Litigations shall mean: *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358, Master File No. 1:00-1898, M21-88 (S.D.N.Y.) and any

D. **Requests for Admission ("RFAs").**

Prior to service of RFAs, the parties shall meet and confer regarding a Case Management Order dictating the timing and number of permitted Non-Site-Specific and Focus Site RFAs. Such conferral shall occur no later than April 15, 2026.

## II. EXPERT DISCOVERY

A. **Focus Site Expert Identification, Reports, and Disclosures**

1. Plaintiff shall identify (by name and topic) its Focus Site experts, both retained and non-retained, by May 1, 2025.
2. Defendants shall identify (by name and topic) their Focus Site experts, both retained and non-retained, by June 2, 2025.
3. Plaintiff may serve its Focus Site retained expert reports and non-retained expert disclosures in two (2) sets, according to the following schedule:
    a. Reports and/or disclosures for at least 23 Focus Site shall be served by July 21, 2025; and
    b. Reports and/or disclosures for the remaining Focus Sites shall be served by August 20, 2025.
4. Defendant(s) shall serve their Focus Site retained expert reports and non-retained expert disclosures by November 21, 2025.
5. Plaintiff shall serve its Focus Site rebuttal expert reports by February 20, 2026.

---

proceedings remanded from the S.D.N.Y. multi-district litigation and Prior MTBE Litigations shall mean *South Tahoe Public Utilities District v. Atlantic Richfield Co., et al.*, San Francisco Superior Court Case No. 999128, *Communities for a Better Environment v. Unocal Corp., et al.*, San Francisco Superior Court Case No. 997013, and *State of New Hampshire v. Hess Corp., et al.*, New Hampshire Superior Court Case No. 03-C-0550.

B. **Non-Site-Specific Expert Identification, Reports, and Disclosures**

1. Plaintiff shall identify (by name and topic) its Non-Site-Specific experts, both retained and non-retained, by October 15, 2025.

2. Defendants shall identify (by name and topic) their Non-Site-Specific experts, both retained and non-retained, by November 17, 2025.

3. Plaintiff shall serve its Non-Site-Specific retained expert reports and non-retained expert disclosures by December 1, 2025.

4. Defendants shall serve their Non-Site-Specific retained expert reports and non-retained expert disclosures by March 2, 2026.

5. Plaintiff shall serve its Non-Site-Specific rebuttal expert reports by April 28, 2026.

C. **Expert Reliance Materials**

Because the failure to promptly produce expert reliance materials may necessitate extensions of expert opposition and/or rebuttal report deadlines, all expert reliance materials shall be produced within ten (10) business days of the relevant deadlines stated in Sections II.A and II.B.

D. **Expert Depositions**

1. The Parties may begin expert depositions on May 1, 2026.

2. By no later than April 15, 2026, the Parties shall meet and confer regarding a schedule for conducting expert depositions, including a completion deadline for all depositions.

DATED: _____  SO ORDERED:

_____
Stephanie A. Gallagher, U.S.D.J.