UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, *Plaintiff*, v. EXXON MOBIL CORPORATION, et al., *Defendants*. | Case No. 1:18-cv-00459-SAG |

### CASE MANAGEMENT ORDER NO. 13: EXPERT DEADLINES

This Case Management Order ("CMO") sets forth the schedule for Expert Discovery, including the production of Reliance Materials, in this matter.

I. **EXPERT DISCOVERY**

   A. **Focus Site Expert Identification, Reports, and Disclosures**

   1. Plaintiff shall identify (by name and topic) its Focus Site experts, both retained and non-retained, by May 1, 2025.

   2. Defendants shall identify (by name and topic) their Focus Site experts, both retained and non-retained, by June 2, 2025.

   3. Plaintiff may serve its Focus Site retained expert reports and non-retained expert disclosures in three (3) tranches, according to the following schedule:

      a. Focus Site Expert Reports/Disclosures related to ten Focus Sites by September 12, 2025.

         i. Plaintiff will identify the ten Focus Sites for which it will serve Focus Site Expert Reports in the first (1) tranche by July 25, 2025.

      b. Focus Site Expert Reports/Disclosures related to ten Focus Sites by October 24, 2025.

         i. Plaintiff will identify the ten Focus Sites for which it will

1

      serve Focus Site Expert Reports in the second (2) tranche by August 19, 2025.

   c. Focus Site Expert Reports/Disclosures for any remaining Focus Sites for which Plaintiff will submit a Focus Site Expert Report by November 21, 2025.

    i. Plaintiff will identify the Focus Sites for which it will serve Focus Site Expert Reports in the third (3) tranche by September 17, 2025.

4. Defendant(s) shall serve their Focus Site retained expert reports and non-retained expert disclosures by February 27, 2026.

5. Plaintiff shall serve its Focus Site rebuttal expert reports by May 15, 2026.

B. **Non-Site-Specific Expert Identification, Reports, and Disclosures**

1. Plaintiff shall identify (by name and topic) its Non-Site-Specific experts, both retained and non-retained, by October 15, 2025.

2. Defendants shall identify (by name and topic) their Non-Site-Specific experts, both retained and non-retained, by November 17, 2025.

3. Plaintiff shall serve its Non-Site-Specific retained expert reports for the following experts, and all non-retained expert disclosures, by December 1, 2025:

  a) David Andress
  b) Anthony Brown
  c) Kenneth Rudo

4. Plaintiff shall serve the Non-Site-Specific expert report for Marcel Moreau by December 12, 2025.

5. Plaintiff shall identify its Non-Site-Specific Expert regarding Gasoline Supply & Distribution by January 15, 2026.

6. Plaintiff shall serve the Non-Site-Specific expert reports for the following

experts by January 30, 2026:

a)     Graham Fogg
b)     Martin Tallett
c)     Gasoline Supply & Distribution (expert to be disclosed)

    i.     Plaintiff's expert report on the topic of Gasoline Supply & Distribution will be substantially similar to the opinions contained in Mr. Burke's previously-filed declarations in this case (ECF Nos. 357-2 and 365-1) and in his reports issued in *In re MTBE Products Liability Litigation*.

    ii.     Plaintiff's failure to serve an expert report on Gasoline Supply & Distribution on or before January 30, 2026, that complies with the representations stated in subparagraph (c)(1), is not harmless and will prejudice Defendants. Therefore, such failure will result in Plaintiff being precluded from offering expert testimony on the topic of Gasoline Supply & Distribution as described under the entry "T.B.D." in Plaintiff's October 15, 2025, non-site-specific expert disclosures ("Plaintiff's Disclosure"). Nothing in this paragraph is intended to preclude opinions by Martin Tallett or David Andress that are disclosed in Plaintiff's Disclosure; nothing in this paragraph is intended to preclude non-expert evidence on the topic of gasoline supply and distribution; and nothing in this paragraph would preclude expert opinions on Gasoline Supply & Distribution to the extent additional non-site-specific expert discovery is permitted in any subsequent phase of the case.

7. Defendants shall serve their Non-Site-Specific retained expert reports responsive to Andress, Brown, Moreau and Rudo, and non-retained expert disclosures by April 16, 2026.

8. Defendants shall serve their Non-Site-Specific retained expert reports responsive to Tallett, Fogg, and on the subject of gasoline supply and distribution by June 1, 2026.

9. Plaintiff shall serve its Non-Site-Specific Expert Rebuttal Reports for Andress, Brown, Moreau and Rudo by June 5, 2026.

10. Plaintiff shall serve its Non-Site-Specific Expert Rebuttal Reports for Fogg, Tallett and Plaintiff's Gasoline Supply & Distribution expert (subject to the provision of Paragraph 6(c)) by August 7, 2026.

**C.  Expert Reliance Materials**

Because the failure to promptly produce expert reliance materials may necessitate extensions of expert opposition and/or rebuttal report deadlines, all expert reliance materials shall be produced within ten (10) business days of the relevant deadlines stated in Sections I.A and I.B.

1. Plaintiff will produce expert reliance materials for the First Tranche of Site-Specific Expert Reports by Friday, October 10, 2025.

2. All Expert Reliance Materials required to be produced in accordance with this section will comply with the Expert Reliance Production Stipulation attached hereto as Exhibit 1.

**D.  Expert Depositions**

1. The Parties may begin expert depositions on June 15, 2026.

2. By no later than April 15, 2026, the Parties shall meet and confer regarding a schedule for conducting expert depositions, including a completion deadline for all depositions.

DATED:  December, 4  2025					SO ORDERED:

$$\underline{\hspace{3cm}/s/\hspace{3cm}}$$
Stephanie A. Gallagher, U.S.D.J.

# EXHIBIT 1

# JOINT STIPULATION REGARDING EXPERT RELIANCE MATERIALS

UNITED STATES DISTRICT COURT DISTRICT
OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, | * |
| | * |
| *Plaintiff*, | * |
| | *   Case No. 1:18-cv-00459-SAG |
| v. | * |
| | * |
| EXXON MOBIL CORPORATION, *et al.*, | * |
| | * |
| *Defendants*. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

**JOINT STIPULATION REGARDING EXPERT RELIANCE MATERIALS**

This stipulation describes the Expert Reliance Materials ("Reliance Materials") to be produced by each party in accordance with Section I.C. of CMO No. 13.

I. The Reliance Materials to be produced shall include all files, documents, texts and underlying data or manipulations of such data reviewed or relied upon by that expert in forming the basis for his or her opinion, including all computer software programs, models, computer simulations on which the expert's opinions are based, and work papers.

   A. Where the producing party identifies a specific Bates number for the reliance document/file (produced either in this action or in MDL 1358), such identification shall be sufficient, and the document need not be produced again. However, the parties agree to promptly respond to any requests from another party regarding Bates-numbered documents that cannot be located.

II. With respect to experts who rely on computer-based modeling, the following illustrate the nature or content of the modeling-related Reliance Materials to be produced:

   A. All electronic executable copies and operating instructions for modeling programs and pre- and post-processor programs that are not public domain models and

1

    cannot reasonably be purchased by the requesting party. In all cases, the requesting party shall be responsible for obtaining any necessary licenses.

  B. All reference documents or calculations supporting selection of input parameter values or ranges.

  C. A tabular summary of input data specifying the range of values considered and the ultimate value(s) selected for purposes of calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

  D. A modeling journal (log of model runs) regarding construction, calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

  E. Electronic copies of all modeling files.

  F. Quantification of accuracy (alternatively, uncertainty analysis) regarding model output (groundwater flow and contaminant transport models).

  G. All electronic database files generated in support of the modeling analysis.

  H. All analytical model analyses conducted apart from the numerical model analysis for purposes of parameter selection, parameter optimization, model calibration, hypothesis testing, etc.

III. Any additional reliance materials generated or first reviewed and relied upon by the expert subsequent to his or her initial reliance material production (per the deadline set in CMO 12), shall be produced promptly and, in no event, later than 5 days before the commencement of the deposition.

IV. Neither the deadline set for production of reliance materials in CMO 12, nor the definition of reliance materials articulated in Sections I and II, above, is intended to apply to the production of demonstrative exhibits for use at trial. Such demonstrative exhibits shall be

produced in accordance with the Court's pre-trial schedule and/or as otherwise negotiated by the parties.

V.  Nothing in this Protocol may be used by any party to establish the relevance or lack of relevance of any materials or information referenced herein.


So Stipulated:

_____   Date: December 3, 2025

Lisa A. Gerson
McDermott Will & Schulte LLP

*Counsel for Exxon Mobil Corporation, ExxonMobil Oil Corporation,
and on behalf of all Defendants of Record*


_____   Date: December 3, 2025

Tracey O'Reilly
Miller & Axline

*Special Counsel for the State of Maryland*

3