Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

STATE OF MARYLAND,

    Plaintiff,

v.

EXXON MOBIL CORPORATION, et al.,

    Defendants.

Civil Action No. 1:18-cv-00459-SAG

**Plaintiff State of Maryland's Motion for Extension of Certain Expert Deadline**

Plaintiff the State of Maryland (the "State"), by and through the undersigned counsel, respectfully moves this Court for an extension of a deadline applicable to one non-site-specific expert report for good cause shown.

Pursuant to the Court's December 4, 2025, Case Management Order No. 13 (ECF No. 842; [CMO #13]), the State has served all Focus Site Expert Reports, as well as all Non-Site-Specific Expert Reports that were due in December 2025. The State has also served all reliance materials which have been due to date. The State has been working diligently to prepare the remaining Non-Site-Specific Expert reports and anticipates timely serving reports for two of three outstanding Non-Site-Specific Experts. The State, however, has experienced an unexpected setback in replacing one of its previously retained Non-Site-Specific experts. The State requires, and accordingly, requests a short extension of additional time to disclose a new expert and serve an expert report.

1

Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

I. **Background**

Mr. Bruce Burke, an expert on gasoline supply and distribution in the Northeast, has provided expert reports and testimony on this subject in multiple MTBE cases, including several statewide cases, since 2009. He has worked with counsel on behalf of multiple states over the past 15 years. He previously provided expert opinions on this subject matter in this case in opposition to two motions to dismiss. (*See* Dec. 20, 2018, ECF No. 357-2 [Declaration of Bruce Burke in Support of The State of Maryland's Opposition to Defendant Total Petrochemicals & Refining USA, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction]; and Jan. 9, 2019, ECF No. 365-1 [Declaration of Bruce Burke in Support of The State of Maryland's Opposition to Defendant Lukoil Pan America's Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction].) Many of the Defendants in this matter have received copies of these reports and taken depositions of Mr. Burke with respect to his expert opinions on this subject. The State agreed, in CMO #13, that the testimony and opinions of its Gasoline Supply & Distribution expert "will be substantially similar to the opinions contained in Mr. Bruke's previously-filed declarations in this case." (CMO #13 at 1.B.6.c).i.) In short, Defendants are already well aware of the substance of the testimony and opinions anticipated to be disclosed by the State on this subject.

The State learned in late 2025 that Mr. Burke was retired and unwilling to continue to serve as an expert witness on gasoline supply and distribution in MTBE matters. Due to this unanticipated retirement, the parties previously agreed to an extension of the deadline for the State to disclose, and serve a report, for Mr. Burke's replacement. (CMO #113 at I.B.5.) The State promptly initiated a search for a replacement and was able to identify a new expert in mid-December 2025.

Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

Under CMO #13, the State was required to disclose its newly retained expert on Gasoline Supply & Distribution on Thursday, January 15, 2026. (CMO #113 at I.B.5.) On the eve of the State's deadline, the State's new Gasoline Supply & Distribution expert withdrew due to an unexpected conflict which had just arisen. Fortunately, the State was able to connect with another potential expert the same day and has initiated the process of confirming and retaining this expert. The State promptly notified liaison counsel for Defendants and served a letter on the CMO deadline informing all parties of the current circumstances. (Ex. 1 Jan. 14, 2026, Email from T. O'Reilly to L. Gerson; *see also* Ex. 2, Jan. 15, 2026, Ltr from T. O'Reilly to L. Gerson.)

Despite the exigent nature of the circumstances which were beyond the State's control, and the prompt notice, Defendants objected to the State's request for a brief extension of time to disclose its Gasoline Supply & Distribution expert on the grounds that the parties agreed to, and the Court ordered, a firm deadline of January 15, 2026, for the disclosure and January 30, 2026, for service of the report. (Ex. 3, Email from L. Gerson to T. O'Reilly.) Given the fact that the State has already agreed that its replacement expert on this subject will provide opinions that will be "substantially similar" to those previously disclosed by Mr. Burke, and that Mr. Burke's opinions have been fully disclosed in this and other MTBE matters, it is strained to suggest that a very brief extension of these deadlines would materially prejudice Defendants. Indeed, since the subject matter of this testimony relates to Defendants' own business operations in supplying and distributing gasoline into and within Maryland, most of the information that forms the basis of these opinions is already known to Defendants.

The State, as stated in its email and letter, anticipates that it can disclose its newly identified replacement expert by January 22, 2026, which is only one week later than originally agreed to by the parties, and serve that expert's report by February 27, 2026.

3

Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

**II.     Motion**

The State has good cause for making the instant motion for a modification of the scheduling order.  (*See* Fed. R. Civ. P. 16(b)(4) (establishing the standard for good cause).)  "Good cause" requires an inability to meet scheduling deadlines despite a party's diligent efforts.  (*CBX Techs., Inc. v. GCC Techs.,* Civ No. JKB-10-2112, 2012 WL 3038639 at *4 (D. Md. July 24, 2012) (authority omitted).)  The factors to consider for good cause include the "'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted in good faith.'"  (*Tawwaab v. Virginia Linen Serv., Inc.,* 729 F. Supp.2d 757, 768-69 (D. Md. 2010) (authority omitted).)  The State meets each element of good cause to grant the instant motion.

The State notified the Defendants the same day it learned that a discovered conflict necessitated the withdrawal of its expert and makes this motion within two days of that discovery (and only after attempting to work with Defendants to find a mutually agreeable resolution).  The cause of the motion is something that was suddenly discovered and outside of the State's control.  The State believes that the extenuating circumstances here, including the fact that the anticipated testimony and opinions to be provided have already been largely disclosed to Defendants through Mr. Burke's prior declarations and expert reports, warrant a modest adjustment of the expert schedule.

Given the years of work invested into this case by both sides, an extension of one week and four weeks is reasonable and will not prejudice Defendants.  Further, as the Defendants will still have three months to respond to the expert report, on issues overwhelmingly within their knowledge and control, the added four-week delay will not prejudice Defendants.

Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

Finally, the State would not object if Defendants need or want a corresponding extension of their time to file a responsive expert report, which will alleviate any harm or prejudice that Defendants might otherwise face.

Accordingly, by this motion, the State seeks a brief extension of the expert discovery schedule to allow the State additional time to retain and disclose its expert on the subject of Gasoline Supply and Distribution, and to serve an expert report on this subject matter. The State respectfully asks that the Court grant an extension of time as follows:

1. January 22, 2026: Disclosure of Expert regarding Gasoline Supply & Distribution
2. February 27, 2026: Service of Expert Report regarding Gasoline Supply & Distribution.

The accompanying Proposed Order reflects the requested deadline adjustments.

Respectfully submitted,

*/s/ Michael D. Axline*

ADAM D. SNYDER

Assistant Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
asnyder@oag.state.md.us
Phone: (410) 576-6398
Fax: (410) 576-6955

SCOTT E. KAUFF
JOHN K. DEMA
Special Counsel for the Attorney General
Law Offices of John K. Dema, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
skauff@demalaw.com
dsugimura@demalaw.com
Phone: (301) 881-5900
Fax: (240) 536-9108

JULIE KUSPA
MATTHEW ZIMMERMAN
Assistant Attorneys General
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
matthew.zimmerman@maryland.gov

MICHAEL AXLINE
Special Counsel for the Attorney General
Miller & Axline, P.C.
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225
maxline@milleraxline.com

Draft – Privileged & Confidential draft – 4:15 pm eastern, 1/16/2026

Phone: (410) 537-3452  
Fax: (410) 537-3943

Phone: (916) 488-6688

T<small>YLER</small> E. W<small>REN</small>  
Special Counsel for the Attorney General  
Berger & Montague, P.C.  
1818 Market Street, Suite 3600  
Philadelphia, Pennsylvania 19103  
twren@bm.net  
Phone: (215) 875-3000

Dated: January 16, 2026