# EXHIBIT 2

# Tracey O'Reilly

| | |
|---|---|
| **From:** | Gerson, Lisa <LGerson@mwe.com> |
| **Sent:** | Thursday, January 15, 2026 3:05 PM |
| **To:** | Tracey O'Reilly |
| **Cc:** | Pardo, James; Reed, Krista A. |
| **Subject:** | RE: Maryland MTBE: Burke Replacement |

Tracey,

Defendants cannot agree to further extend this deadline.

Plaintiff's original deadline to disclose its supply expert was October 15, 2025. The day before that deadline, you called to inform me (for defendants) that Mr. Burke had recently withdrawn from the engagement and that Plaintiff needed more time to designate a replacement supply expert. You asked for an extension to November 12, 2025, and Defendants agreed.

Five days before that extended deadline (November 7), you informed me that Plaintiff would not be able to identify Mr. Burke's replacement by November 12, but would commit to serving a supply expert report by January 30, 2026 and, if that did not happen, that plaintiff would accept preclusion on the supply issue. Defendants agreed to extend the deadline in exchange for Plaintiff's promise that if it did not meet this deadline, for whatever reason, Plaintiff could not offer an expert on the topic. The parties memorialized this agreement into a proposed order that the Court approved and entered as CMO 113. *See* ECF No. 842 para. I.B.5-6 (requiring expert disclosure by January 15, 2026, and stating: "Plaintiff's failure to serve an expert report on Gasoline Supply & Distribution on or before January 30, 2026, that complies with the representations stated in subparagraph (c)(1), is not harmless and will prejudice Defendants. Therefore, such failure will result in Plaintiff being precluded from offering expert testimony on the topic of Gasoline Supply & Distribution as described under the entry "T.B.D." in Plaintiff's October 15, 2025, non-site-specific expert disclosures[.]").

Yesterday, again one day before the disclosure deadline that already had been twice extended, you contacted me to say that the disclosure would not be ready by the deadline, and to request additional time to make that disclosure and serve the final report. This request violates the parties' agreement and the Court's order. And it prejudices Defendants.

That prejudice was correctly memorialized when the parties drafted CMO 113 and when the Court entered it. That Order remains correct now. Defendants are harmed and prejudiced by these continued delays, and their consequence to Plaintiff (preclusion on this issue) was agreed to by the parties and adopted by the Court months ago. Defendants will not consent to be further harmed and prejudiced by Plaintiff's delays. If Plaintiff seeks to have the Court further extend the existing disclosure and report deadlines to which the parties previously agreed, Defendants will oppose.

Lisa


**Lisa A. Gerson**
Partner

**T:** +1 212 547 5769 | **F:** +1 646 224 8675
lgerson@mwe.com | LinkedIn

Nancy Varelli Salzano, Assistant to Lisa A. Gerson
**T:** +1 212 547 5487 | nsalzano@mwe.com

McDermott Will & Schulte LLP | mwe.com
One Vanderbilt Avenue, New York, NY 10017