UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, <br><br> Plaintiff, <br><br> v. <br><br> EXXON MOBIL CORPORATION, et al., <br><br> Defendants. | Case No. 1:18-cv-00459-SAG |

STATE OF MARYLAND AND SETTLING DEFENDANTS' REPLY TO
NON-SETTLING DEFENDANTS' OPPOSITION TO THE
<u>JOINT MOTION TO DISMISS SETTLING DEFENDANTS</u>

TABLE OF CONTENTS

I.    **INTRODUCTION**.................................................................................................... 1

II.   **ARGUMENT**........................................................................................................ 4

      A.    The Dismissal Order Does Not Extinguish Non-Settling Defendants' Right to Bring a Contribution Claim...................................................................................... 4

      B.    Maryland Case Law Has Clearly Established That a Settling Defendant Does Not Need to Remain in the Case as a Party in Order to be on the Verdict Sheet and Have Their Status as a Joint Tort-Feasor Adjudicated............................................... 6

      C.    The State Is Not Asking the Court to Decide Now, on This Motion to Dismiss, the Appropriate Way(s) to Apportion Liability. ................................................ 9

III.  **CONCLUSION** ................................................................................................... 10

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Radiology Services, LLC v. Reiss*, 470 Md. 555 (2020)................................................. 8

*Franklin v. Morrison*, 350 Md. 144 (1998) ................................................................................. 8

*Haak Motors, LLC v. Arangio*, 2010 WL 4117034 (D. Md. Oct. 19, 2020) ................................ 8

*Hill v. Brush Engineered Materials, Inc.*,
    Civ. No. WMN-05-254 (D. Md. June 14, 2007)  .................................................................. 6, 8

*Mercy Medical Center v. Julian*, 429 Md. 348 (2012) .......................................................... 3, 5, 7

*Montgomery County, Md. v. Jaffe, Raitt, Heuer & Weiss, P.C.*,
    897 F. Supp. 233 (D. Md. 1995)........................................................................................... 5, 7, 8

*Selective Way Insurance Company v. Fireman's Fund Insurance Company*,
    257 Md. App. 1 (2023) ............................................................................................................ 8

*Swigert v. Welk*, 213 Md. 613 (1957) .................................................................................. 3, 4, 5

**Statutes**

Md. Cts. & Jud. Proc. § 3-1401 ...................................................................................................... 2

Md. Cts. & Jud. Proc. § 3-1405 ................................................................................................... 4, 5

## I.      **<u>INTRODUCTION</u>**

The State of Maryland and Settling Defendants[1] ("Movants") file this reply to Non-Settling

Defendants' Opposition to the State of Maryland and Settling Defendants' Joint Motion to Dismiss

Settling Defendants ("Opposition").[2]  At the outset, it is noteworthy that, in filing their Opposition,

the Non-Settling Defendants do not dispute that:

- Federal courts freely grant Rule 41(a) motions, including dismissals fulfilling voluntary settlement agreements;

- The Settlement Agreements are valid and enforceable;

- The Settlement Agreements and dismissal order have a mechanism for determining Settling Defendants' joint tort-feasor status, and provide that the State's recoverable damages against Non-Settling Defendants will be reduced by the *pro rata* share of liability apportioned to Settling Defendants who are determined to be joint tort-feasors;

- Non-Settling Defendants are not prejudiced by having to prove Settling Defendants' joint tort-feasor status at trial;

- The procedures set forth in the Proposed Orders for determining Settling Defendants' joint tort-feasor status are similar to those adopted in the Pennsylvania and New Jersey MTBE litigations;[3] and

- In the event of a joint tort-feasor determination, there is no financial risk to Settling Defendants.

---

[1] The term "Settling Defendants" includes the Settling Defendants identified at footnote No. 1 of the Joint Motion to Dismiss, as well as ConocoPhillips and Phillips 66 Company, who filed a motion to join the Joint Motion to Dismiss on April 2, 2026.  *See* ECF No. 866.

[2] Although the Movants will continue to refer to the parties opposing the Joint Motion to Dismiss as the "Non-Settling Defendants," it is important to note that six of the seventeen defendant groups that have not settled with the State did not join the Opposition.

[3] The Non-Settling Defendants contend that the settlement agreements utilized in the Pennsylvania and New Jersey MTBE litigations are "irrelevant because Maryland law on contribution and pro rata offset is . . . an 'outlier.'" *See* ECF No. 864 at 8.  Regardless of any alleged substantive differences presented by Maryland law, the salient fact is that the proposed Dismissal Order utilizes the same type of procedure used to adjudicate the settling parties' joint tort-feasor status in Pennsylvania and New Jersey, and Non-Settling Defendants make no contention that those procedures were, or are, somehow insufficient to protect their ability to obtain a reduction in plaintiff's recovery.

Non-Settling Defendants' only grounds for opposing the Motion to Dismiss are their contentions that: (1) the proposed Dismissal Order purports to extinguish Non-Settling Defendants' contribution rights; (2) the Settling Defendants need to remain in the case to adjudicate their joint tort-feasor status; and (3) the State is attempting to have the Court rule *now* that Settling Defendants' apportioned share of liability will not be per capita.   All three propositions are wrong.

First, the Dismissal Orders do not purport to extinguish Non-Settling Defendants' right to assert a contribution claim; they simply establish that there is no version of events where Settling Defendants will be adjudicated liable for contribution to Non-Settling Defendants.  The principles of contribution protection are clear: Section 3-1405 of Maryland's Uniform Contribution Among Joint Tortfeasors Act, Md. Code Ann., Cts. & Jud. Proc. § 3-1401 *et seq.* (UCATA), applies when a joint tort-feasor determination is made—if a Settling Defendant is a joint-tortfeasor, there can be no recovery against them, and the damages owed by a Non-Settling Defendant are reduced by the Settling Defendant's *pro rata* share.  Conversely, if a Settling Defendant is found *not* to be a joint tort-feasor, it is not liable for the State's entire injury in the first instance.  In other words, § 3-1405's protection kicks in whether the joint tort-feasor determination is made during trial or afterwards in a suit for contribution—in either scenario, Settling Defendants will owe nothing to Non-Settling Defendants, either because they are protected from contribution pursuant to UCATA or because they are not joint tort-feasors at all.

Therefore, in accordance with the express provisions of UCATA, the Dismissal Orders provide that Settling Defendants will have *no* liability to make contribution payments. As the Court of Appeals of Maryland held in *Mercy Medical Center v. Julian*, the provision for the *pro rata* release ensures that "the released defending party, whose liability is determined, may not be subject

to recovery by either the plaintiff or the other non-settling defendants." *See* 429 Md. 348, 369 (2012); *see also Swigert v. Welk*, 213 Md. 613, 622 (1957) ("There can be no recovery by the plaintiff or [the non-settling defendant] against [the settling defendant], whether or not [the settling defendant] wishes to participate actively in the trial is a matter left for his selection."). To the extent there is any ambiguity in the proposed Dismissal Orders, Settling Defendants are willing to clarify that the Dismissal Orders will only protect Settling Defendants from having any liability to make contribution payments, for the reasons explained above. *See* Exhibits A-I hereto, Revised Proposed Dismissal Orders.

Second, Maryland case law establishes that a settling defendant need not remain in the case to be on the verdict sheet and receive an adjudication of their apportioned share of liability. Non-Settling Defendants do not cite any authority for their proposition that a settling party must remain in the case to be on the verdict sheet to adjudicate their joint tort-feasor status or their apportioned share of liability. By contrast, Movants cited two decisions from the Maryland Court of Appeals and three decisions from this Court in which settling parties were *not* required to be in the case to have joint tort-feasor status or liability adjudicated. *See* ECF No. 852-1 at 13-14. And in other MTBE cases, the United States District Courts for the District of New Jersey and the Southern District of New York have issued virtually identical dismissal orders, making provision for dismissed defendants to be on the verdict sheet to determine their joint tort-feasor status and apportioned share of liability.

Third, nothing in the Settlement Agreements or any Dismissal Order dictates or limits how Settling Defendants' "apportioned share of liability" will be determined at trial. Rather, that question is left for the Court to determine at a later, more appropriate time, after the record is clear as to the bases on which the State is proceeding, if any, and which defendants—if any—remain

3

for trial.  (Indeed, if the State is able to reach settlements with all Defendants, the Court would never need to decide questions of apportionment or allocation.)   Accordingly, the Court does not need to make that determination now in order to dismiss Settling Defendants.

## II.    ARGUMENT

### A.    The Dismissal Order Does Not Extinguish Non-Settling Defendants' Right to Bring a Contribution Claim.

The language of the Revised Proposed Dismissal Orders stating that Settling Defendants are "not subject to recovery for contribution pursuant to Cts. & Jud. Proc. § 3-1405" is consistent with Maryland's version of UCATA and Maryland case law and does not extinguish the Non-Settling Defendants' right of contribution.  Courts and Judicial Proceedings § 3-1405 provides that, if a settling party's agreement meets the two conditions set forth in § 3-1405—i.e., that the release is "given before the right of the other tort-feasor to secure a money judgment for contribution has accrued" and "[p]rovides for a reduction, to the extent of the pro rata share of the released tort-feasor, of the injured person's damages recoverable against all other tort-feasors," which the Settlement Agreements undisputedly do—the settling party is "relieve[d] . . . from liability to make contribution to another tort-feasor."  The nearly identical wording in the Revised Proposed Dismissal Orders demonstrates their consistency with the statute.

Maryland case law confirms a settling party's protection from liability for contribution if it satisfies the two conditions in Courts and Judicial Proceedings § 3-1405.  In *Swigert v. Welk*, one defendant settled with a UCATA release and was dismissed from the case; the Maryland Court of Appeals recognized that based upon the party's settlement agreement "there [could] be no recovery by the plaintiff or [the non-settling defendant] against him," regardless of whether or not he was determined to be a joint tort-feasor at trial.  213 Md. at 622.  Similarly, in *Mercy Medical Center*, the Court stated that—although it was an open question as to whether or not the settling

4

party was a joint tort-feasor with the non-settling defendant—"the released defending party, whose liability is determined, may not be subject to recovery by either the plaintiff or the other non-settling defendants." 429 Md. at 369. The reason is simple—"[i]f the released defending party is adjudicated liable, then the provision in their release, providing for the reduction of a pro rata share in damages recoverable, protects the released party from a contribution claim." *Id.*

The Non-Settling Defendants do not dispute that the Settlement Agreements executed by Settling Defendants contain valid and enforceable *pro rata* releases or that the Settlement Agreements were executed before Non-Settling Defendants' right to secure a judgment for contribution has accrued; the settlements thus satisfy the requirements of § 3-1405. Further, Non-Settling Defendants concede that the Settling Defendants face "no financial risk" of liability for contribution to the Non-Settling Defendants "because a finding of joint tort-feasor liability will result only in an offset of any judgment awarded to [the State]." *See* ECF No. 864 at 14. For that reason, Non-Settling Defendants' statement that Settling Defendants "have not bought their peace," ECF No. 864 at 13, is incorrect. *See Montgomery Cty, Md. v. Jaffe, Raitt, Heuer & Weiss, P.C.*, 897 F. Supp. 233, 239 (D. Md. 1995) ("*Jaffe*") ("ample authority runs directly counter" to the proposition that settling defendants' status as joint tortfeasors "can only be established if they are made parties to [the] suit," and settling defendants therefore "have bought their peace").

As the Non-Settling Defendants note in the Opposition, if they elect to pursue contribution claims at trial for the purpose of obtaining an offset against the State's recoverable damages, they would need to file a motion for leave to amend their respective Answers (filed in 2020) to seek permission to file amended answers adding a counterclaim for contribution against Settling Defendants. Settling Defendants would oppose those motions on the grounds that, inter alia, the motion for leave and proposed counterclaims are unnecessary. The only remedy sought by Non-

5

Settling Defendants—an offset in the State's recoverable damages—is already ensured by the procedures set forth in the Settlement Agreements and Dismissal Orders, which provide both a mechanism for adjudicating joint tort-feasor liability and an agreement that the offset will occur when that adjudication is made. Even setting aside the procedures in the Dismissal Orders to effectuate the offset of the State's recoverable damages, Non-Settling Defendants can fully preserve their right to an offset in the State's recoverable damages by asserting an affirmative defense—which Non-Settling Defendants generally have already done. *See* ECF No. 852-20 (order from *Hill v. Brush Engineered Materials, Inc.*, Civ. No. WMN-05-254 (D. Md. June 14, 2007) (dismissing settled defendant because non-settling defendants could assert offset through an affirmative defense); *see also, e.g.,* ECF No. 562 at *132 (ExxonMobil's assertion of affirmative defense of "entitlement to an appropriate set-off or reduction of any judgment against it").

Where the only issue presently before the Court is whether Settling Defendants should be dismissed following the Settlement Agreement, the Court can, and should, grant the Joint Motion to Dismiss without deciding whether Non-Settling Defendants could bring a counterclaim for contribution after Settling Defendants' dismissal.

**B. Maryland Case Law Has Clearly Established That a Settling Defendant Does Not Need to Remain in the Case as a Party in Order to Be on the Verdict Sheet and Have Their Status as a Joint Tort-Feasor Adjudicated.**

As detailed in Movants' opening Memorandum, the Settlement Agreements and Dismissal Orders provide a mechanism for Settling Defendants' joint tort-feasor status to be adjudicated by the finder of fact. *See* ECF No. 852-1 at 12-13. In their Opposition, the Non-Settling Defendants argue that that mechanism is insufficient to ensure the adjudication of the Setting Defendants' joint tort-feasor status and that Settling Defendants must "remain in the case" for that to happen. ECF No. 864 at 3. Their basis for that argument is that Maryland law is "unsettled" as to "whether it is

6

permissible . . . for Settling Defendants . . . to appear on the verdict form" if Settling Defendants are dismissed and are "non-parties at the time of trial." *Id.*

Non-Settling Defendants do not cite any authority for the proposition that a settling defendant must remain in the case to be on the verdict sheet to adjudicate their joint tort-feasor status—*Swigert* and *Mercy Medical Center* never considered the issue. Nor do they cite any authority indicating that Maryland law is "unsettled" as to whether a non-party can be placed on the verdict sheet. To the contrary, *Jaffe* and its progeny explicitly allow as much: "The County's case is not helped by the argument that the status of the [settling defendants] as joint tortfeasors can only be established if they are made parties to this suit. The short answer is that ample authority runs directly counter to this proposition." *Jaffe*, 897 F. Supp. at 239. And, far from stating that *Jaffe* was wrongly decided, as Non-Settling Defendants claim, ECF No. 864 at 12, *Mercy Medical Center* explicitly distinguished the situation in *Jaffe*—where the party agreed to a joint tort-feasor determination despite not staying in the case—from the situation before it, where a party tried to claim contribution protection despite never having been adjudicated a joint tort-feasor. 429 Md. at 373-74.

In *Mercy Medical Center*, defendant Julian "satisfied the judgment in full" and paid more than his fair share. 429 Md. at 361. For that reason, he was entitled to bring a contribution action after the conclusion of the underlying case. *See id.* But like *Jaffe*—and unlike *Mercy Medical Center*—Settling Defendants here do not argue that joint tort-feasor status will never be adjudicated, nor do they argue that Non-Settling Defendants should be made to satisfy any judgment without offset or reduction. Settling Defendants argue only that they need not remain in the case for that adjudication to take place.

As detailed in Movants' opening Memorandum, state and federal courts in Maryland have consistently recognized that a dismissed defendant, or other non-party, can be placed on the verdict sheet for the purpose of determining their joint tort-feasor status. *See* ECF No. 852.1 at 12-16. Specifically, the Supreme Court of Maryland has previously acknowledged that Maryland law authorizes the placement of non-parties on the jury verdict sheet. *See Franklin v. Morrison*, 350 Md. 144, 152 (1998) (discussing jury's answers to special verdict question concerning liability of dismissed defendant—National Carriers—that had previously settled with plaintiff); *American Radiology Services, LLC v. Reiss*, 470 Md. 555, 590 (2020) (non-party medical provider should be on verdict sheet in negligence action where there is evidence of non-party's negligence). And in the specific context of determining a party's joint tort-feasor status, courts in this District have expressly recognized that it is not necessary for a person or entity to be a "party" in order to determine their status as a joint tortfeasor at trial. *See* ECF No. 852-20 at *7 (*Hill v. Brush Engineered Materials Inc.*); *Haak Motors, LLC v. Arangio*, 2010 WL 4117034, *2 (D. Md. Oct. 19, 2020) ("The determination of joint tortfeasor status does not require the settling party to be joined in the action . . . ."); *Jaffe*, 897 F. Supp. at 239 (concluding that "ample authority runs directly counter" to the proposition that settling defendants' status as joint tortfeasors "can only be established if they are made parties to [the] suit"). The availability of such procedures is also necessary as a practicality. If Non-Settling Defendants were correct, then, contrary to established Maryland policy, defendants in Maryland could effectively never settle—they would always be required to remain in the case and could never buy peace. *See Selective Way Insurance Company v. Fireman's Fund Insurance Company*, 257 Md. App. 1, 45 (2023) ("Maryland, like many other states, has a 'strong public policy to encourage settlement' of lawsuits." (citation omitted)).

**C.      The State Is Not Asking the Court to Decide Now, on This Motion to Dismiss, the Appropriate Way(s) to Apportion Liability.**

In their Opposition, Non-Settling Defendants contend that the Dismissal Order's requirement that the "trier of fact shall determine Settling Defendant's . . . apportioned share of liability" is "improper under Maryland law" because, according to Non-Settling Defendants, Maryland law does not permit the trier of fact to "apportion liability . . . on anything other than an equal share basis" for joint tort-feasors.  ECF No. 864 at 10, 15.  Non-Settling Defendants' contention misconstrues the Settlement Agreements and Dismissal Order.

The Settlement Agreements provide that "the *pro rata* share reduction set forth in [the] Settlement Agreement shall reduce the State's recoverable damages by the *pro rata* share apportioned to any Releasee(s) in a final judicial determination."  ECF No. 852-2, § III.3.B.  The Settlement Agreements do not state or limit how that apportioned share will be determined.  Although the Settlement Agreements preserve the State's ability to "request . . . that the Court determine Releasees' *pro rata* share on a basis other than an equal share or *per capita* share basis," the State has agreed to "reduce its recoverable damages by the *pro rata* share apportioned to any Releasee in a final judicial determination, regardless of how the Court determines Releasees' apportioned share of liability (i.e., on a *per capita* or equal share of liability basis by market share at the time a risk of harm was created, percentage of relative fault, or other basis)."  ECF No. 852-2, § III.3.D.

Nothing in the Dismissal Orders dictate or limit how Settling Defendants' apportioned share will be determined.  To the contrary, the question of how Settling Defendants' "apportioned share of liability" is determined is expressly left open for the State and Non-Settling Defendants to brief, and for the Court to determine, at a later date.  Nothing about that handling of the issue can plausibly be characterized as "improper under Maryland law."

9

Moreover, where the Settlement Agreements provides that the State will reduce its recoverable damages "by the *pro rata* share apportioned to any Releasee in a final judicial determination, *regardless of how the Court determines Releasees' apportioned share of liability*," there is no reason why the determination of how Settling Defendants' apportioned share of liability will be calculated needs to be made as part of this Joint Motion to Dismiss. *See, e.g.,* ECF No. 852-2 at *16, § III.3.D (emphasis added). That determination should be deferred until a more appropriate time closer to trial, when the facts, the parties' settlement postures, and the bases for liability (and potential for joint tort-feasor status) are no longer subject to change. Accordingly, the Court can, and should, grant the Joint Motion to Dismiss without needing to decide at this time how Settling Defendants' apportioned share of liability will be calculated.

## III.    CONCLUSION

For the reasons set forth above and in Movants' opening Memorandum, the State and the Settling Defendants respectfully request that the Court grant the Joint Motion to Dismiss and enter the proposed orders dismissing the Settling Defendants.

Dated: April 20, 2026

Respectfully submitted,

/s/ Derek Y. Sugimura

Julia Kuspa (Bar No. 21432)
Matthew Zimmerman (Bar No. 1222)
Assistant Attorneys General
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
Julie.Kuspa@maryland.gov
Matthew.Zimmerman@maryland.gov
Tel: (410) 537-3452
Fax: (410) 537-3943

*Maryland Office of the Attorney General*

Derek Y. Sugimura (Bar No. 28600)
Scott E. Kauff (Bar No. 20260)
John K. Dema (pro hac vice)
Alexander Latanision (pro hac vice)
LAW OFFICES OF JOHN K. DEMA, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
skauff@demalaw.com
dsugimura@demalaw.com
jdema@demalaw.com
alatanision@demalaw.com
Tel: (301) 881-5900

Fax: (240) 536-9108

*Special Counsel for the Attorney General*

The following Settling Defendants have authorized their e-signatures to be affixed to this Motion.

| | |
|---|---|
| s/   Brian A. Scotti<br>(by Derek Y. Sugimura with permission of Brian A. Scotti)<br><br>Brian A. Scotti (MD Bar No. 18249)<br>Gordon Rees Scully Mansukhani, LLP<br>1101 King St., Suite 520<br>Alexandria, VA 22314<br>Tel: (202) 399-1009<br>Fax: (202) 800-2999<br>bscotti@grsm.com<br><br>*Attorneys for Total Energies*<br>*f/k/a Total Petrol. & Ref. USA* | /s/    Jim Wedeking<br>(by Derek Y. Sugimura with permission of Jim Wedeking)<br><br>Jim Wedeking<br>Boyden Gray, PLLC<br>800 Connecticut Ave NW,<br>Washington, DC 20006<br>Tel: (202) 955-0620<br>jwedeking@boydengray.com<br><br>*Attorney for Duke Energy Merchants LLC* |
| /s/   James L. Messenger<br>(by Derek Y. Sugimura with permission of James L. Messenger)<br><br>James L. Messenger (pro hac vice)<br>Gordon Rees Scully Mansukhani, LLP<br>28 State Street, Suite 1050.<br>Boston, MA 02109<br>Tel: (857) 263-2000<br>Fax: (857) 264-2836<br>jmessenger@grsm.com<br><br>/s/   Brian A. Scotti<br>(by Derek Y. Sugimura with permission of Brian A. Scott)<br><br>Brian A. Scotti (MD Bar No. 18249)<br>Gordon Rees Scully Mansukhani, LLP<br>1101 King St., Suite 520<br>Alexandria, VA 22314<br>Tel: (202) 399-1009<br>Fax: (202) 800-2999<br>bscotti@grsm.com | /s/   Nathan P. Eimer<br>(by Derek Y. Sugimura with permission of Nathan P. Eimer)<br><br>Nathan P. Eimer (pro hac vice)<br>Lisa S. Meyer (pro hac vice)<br>Gregory M. Schweizer<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, IL 60604<br>Tel: (312) 660-7600<br>Fax: (312) 692-1718<br>neimer@eimerstahl.com<br>lmeyer@eimerstahl.com<br>gschewizer@eimerstahl.com<br><br>/s/   Joseph W. Hovermill<br>(by Derek Y. Sugimura with permission of Joseph W. Hovermill)<br><br>MILES & STOCKBRIDGE, P.C.<br>100 Light Street<br>Baltimore, MD 21202 |

11

| | |
|---|---|
| *Attorneys for El Paso Merchant Energy-Petroleum Company; Kinder Morgan GP LLC f/k/a Kinder Morgan G.P., Inc., Kinder Morgan Operating LLC "A" f/k/a Kinder Morgan L.P. A., and Kinder Morgan Transmix Company, LLC* | Tel: (410) 385-3442<br>Fax: (410) 385-3700<br>jhovermi@milesstockbridge.com<br><br>*Attorneys for CITGO Petroleum Corporation and CITGO Refining and Chemicals Company L.P.* |
| /s/   Ezra S. Gollogly<br>(by Derek Y. Sugimura with permission of Ezra S. Gollogly)<br><br>Ezra S. Gollogly (Fed. Bar No. 28088)<br>Justin A. Redd (Fed. Bar No. 18614)<br>Emily R. Greene (Fed. Bar No. 28088)<br>KRAMON & GRAHAM, P.A.<br>750 East Pratt St., Suite 1100<br>Baltimore, Maryland 21202<br>Tel: (410) 752-6030<br>Fax: (410) 539-1269<br>egollogly@kg-law.com<br>jredd@kg-law.com<br>egreene@kg-law.com<br><br>*Attorneys for Defendant Hartree Partners, LP* | /s/  Erika M. Anderson<br>(by Derek Y. Sugimura with permission of Erika M. Anderson)<br><br>Erika M. Anderson<br>James F. Bennett<br>Kelly J.H. Murrie<br>DOWD BENNETT LLP<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, Missouri 63105<br>Telephone: (314) 889-7300<br>Facsimile: (314) 863-2111<br>jbennett@dowdbennett.com<br>kmurrie@dowdbennett.com<br>eanderson@dowdbennett.com<br>*Admitted pro hac vice*<br><br>*Attorneys for Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining and Marketing Company, Premcor USA Inc., and The Premcor Refining Group Inc.* |
| /s/   Anne M. Evans<br>(by Derek Y. Sugimura with permission of Anne M. Evans)<br><br>Anne M. Evans<br>Joseph L. Sorkin (pro hac vice)<br>Anne M. Evans (pro hac vice)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Tel: 212-872-1000<br>Fax: 212-872-1002<br>jsorkin@akingump.com<br>aevans@akingump.com | /s/  Brian Zagon<br>(by Derek Y. Sugimura with permission of Brian Zagon)<br><br>Brian Zagon<br>Michael D. Goodstein<br>Van Ness Feldman LLP<br>3717 Mt. Diablo Blvd., Suite 200<br>Lafayette, CA 94549<br>Tel: 925-282-8016<br>bzagon@vnf.com<br><br>*Attorneys for NuStar Terminals Operations Partnership LP* |

| | |
|---|---|
| /s/   Lida E. Paterno<br>(by Derek Y. Sugimura with permission of Lida E. Paterno)<br><br>(D. Md. Bar No. 19651)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, D.C. 20006<br>Tel: 202-887-4000<br>Fax: 202-887-4288<br>lpaterno@akingump.com<br><br>*Attorneys for LUKOIL Americas Corporation, LUKOIL North America LLC, LITASCO Pan Americas, LLC (formerly known as LUKOIL Pan Americas LLC) and PJSC LUKOIL* | */s/  Jessica Farley*<br>(by Derek Y. Sugimura with permission of Jessica Farley)<br><br>Jessica Farley<br>Stephen C. Dillard<br>NORTON ROSE FULBRIGHT US LLP<br>1550 Lamar Street, Suite 2000<br>Houston, Texas 77010<br>Tel: (713) 651-5151<br>Fax: (713) 651-5246<br>Jessica.farley@nortonrosefulbright.com<br>Steve.dillard@nortonrosefulbright.com<br><br>*Attorneys for ConocoPhillips Company and Phillips 66 Company* |

13

**CERTIFICATE OF SERVICE**

I certify that I have this 20th day of April, 2026, filed the foregoing document with the CM/ECF

system of the Court, which will cause notice of same and access to be provided to all counsel of record.

/s/ Derek Y. Sugimura
Derek Y. Sugimura

14